KOWALSKI *v.* RUSIN.

1. EXCHANGE OF PROPERTY—FRAUD—RESCISSION—CAVEAT EMPTOR —WAIVER.

Where, in a suit to rescind an exchange of property on the ground of fraud, it appears that the parties dealt at arm's length, that plaintiffs inspected the property received by them before exchange, that claimed defects were readily open to observation and were repaired by them immediately after they obtained possession, and that they remained in possession seven months before attempting to rescind, the rule of *caveat emptor* and the doctrine of waiver bar rescission.

2. SAME—WAIVER.

If the income from property received by plaintiffs in exchange for their farm was misrepresented, they were enlightened when they collected the rentals a few days after the exchange, and by retaining possession and collecting the rentals for seven months without complaint they waived their right to rescind for such cause.

3. FRAUD—FRAUD MAY NOT BE BASED ON EXPRESSION OF OPINION OF VALUE OF REAL ESTATE.

An expression of opinion of value of real estate, upon which men might fairly and honestly differ, may not be made the basis of fraudulent representations.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 6, 1928. (Docket No. 88.) Decided February 14, 1928.

Bill by Maryan Kowalski and another against Piotr

[1]Exchange of Property, 23 C. J. § 55; Fraud, 26 C. J. § 75; [2]Exchange of Property, 23 C. J. § 55; [3]Fraud, 26 C. J. § 110; 37 L. R. A. 605; 12 R. C. L. 279; 6 R. C. L. Supp. 703.

*Continued from Vol. 241.

Rusin and another for the rescission of an exchange of property on the ground of fraud. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Willard J. Turner*, for plaintiffs.

*Ritchie, Colby, Meyer & Brisgall* and *Harold H. Smedley*, for defendants.

WIEST, J. Plaintiffs filed the bill herein to obtain rescission of an exchange of their farm in Muskegon county for property in the city of Chicago, on the grounds of fraudulent representations of the value, condition, and income of the Chicago property. In the circuit plaintiffs were adjudged guilty of laches and their bill was dismissed. The circuit judge also stated in an opinion that he was not convinced of the fraud alleged. Plaintiffs appealed.

Plaintiffs wanted to exchange their farm for property in the city of Chicago, and, through a real estate broker of their own selection in that city, got in touch with defendants, who were owners of a three-story, stone front, brick store and apartment building on a 25-foot lot, known as 1054 N. Ashland avenue. In April, 1926, an exchange agreement was reached under which plaintiffs were to convey to defendants the Muskegon farm and the farm personal property at a valuation of $10,000, and defendants were to convey to plaintiffs the Chicago property, subject to a first mortgage thereon of $12,000, and a second mortgage to be executed by plaintiffs for $13,000. Plaintiffs examined the Chicago property and defendant Piotr Rusin visited the farm, and, all parties being satisfied, the deal was closed and plaintiffs at once moved to and occupied the Chicago property, and defendants moved to the farm.

Seven months later this bill was filed. The circuit judge, while not convinced that plaintiffs had estab-

lished fraud, found that they were fully aware of the value and condition of the Chicago premises and of the rentals paid by tenants as soon as they took possession in May, 1926, and were guilty of laches in using the premises, making repairs, collecting rents and performing obligations of the purchase for seven months without complaint. The parties dealt at arm's length, had the aid of counsel of their own selection, and fully understood every phase of the transaction. Plaintiffs inspected the Chicago building to some extent, and actually occupied the third floor flat before the deal was closed.

The claimed representations of the condition of the building were matters readily open to observation, should have been seen when plaintiffs made inspection before exchange, and were discovered immediately after exchange and then repaired by plaintiffs. Under such circumstances the rule of *caveat emptor* and the doctrine of waiver bar rescission. If the income from rentals was misrepresented, plaintiffs were enlightened on that subject when they collected the first rentals a few days after the exchange. By continuing to collect such rentals for many months they waived right to rescind for such cause. It is said that plaintiffs did not learn of the falsity of the represented value of the property until just before this bill was filed, and, therefore, are not guilty of laches. As we do not place decision upon the ground of laches, we will only say that it apparently took plaintiffs a long time to discover what they now assert was so patent as to establish fraud. Maryan Kowalski was not a novice, but a practical builder, carpenter, and brick mason; he was city-wise, having lived in the city of Pullman; he looked the premises over before exchange, and it is inconceivable that he did not form an independent judgment of value from his own ability to do so. Witnesses in the case differ in opinion about the value, and leave it an open question whether the

property was worth $35,000. This court has repeatedly held that an expression of opinion of value of real estate, upon which men might fairly and honestly differ, cannot be made the basis of fraudulent representations. *Albright* v. *Stockhill,* 208 Mich. 468. The following cases are also applicable to the facts in this case: *Hammer* v. *Martin,* 205 Mich. 359; *Bowen* v. *Stocklin,* 215 Mich. 341; *Sutton* v. *Benjamin,* 231 Mich. 153.

The circuit judge reached the right result, and the decree in the circuit is affirmed, with costs to defendants.

NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.