GOTHE *v.* KAKIS.

1. FRAUD—FALSE REPRESENTATION OF VALUE INTENTIONALLY MADE AND RELIED ON.

> While, generally, statement of value is mere expression of opinion and may not be made basis of action for fraud, yet where false representation of value is intentionally made to person ignorant of value with purpose that it be relied on, such representation is in nature of statement of fact and will support action of fraud.

2. EXCHANGE OF PROPERTY—FRAUD—VIEWING PROPERTY.
   That one defrauded in exchange of property saw the property before purchasing it will not necessarily preclude relief in equity based on said fraud.

3. SAME—FRAUD—RESCISSION.
   Where, in suit for rescission of contract for exchange of property, it appears that plaintiff, by false representations as to value of property conveyed to her, was induced to execute contract, she is entitled to rescind.

4. SAME—LACHES—DELAY IN BRINGING SUIT.
   Suit for rescission of contract for exchange of property on ground of fraud was not barred by laches, where plaintiff, who was ignorant of values, brought suit about six months after deal was made, and as soon as she was satisfied that property conveyed to her was not as represented.

5. SAME—ACCOUNTING.
   Decree for rescission of contract for exchange of property properly provided for accounting between parties, crediting each with sums expended on property received, and requiring plaintiff to pay to defendants balance in their favor.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 12, 1932. (Docket No. 118, Calendar No. 36,235.) Decided March 2, 1932.

Bill by Antonette Gothe and another against John Kakis and another to rescind contract for exchange of property. Decree for plaintiffs. Defendants appeal. Affirmed.

*David Anderson,* for plaintiffs.

*Lewis R. Williams* (*Hendryx & Mosier,* of counsel), for defendants.

SHARPE, J. On May 7, 1930, Charles Gothe and Antonette Gothe, his wife, assigned the contract interest held by them by the entireties for the purchase of 50 acres of land in the county of Van Buren

to Anton Skurdelis, of Cook county, Illinois, and received in exchange therefor a warranty deed, dated May 8, 1930, executed by Skurdelis, of certain property in the city of Chicago, subject to a mortgage thereon. It is conceded that the Chicago property was owned by the defendant John Kakis, but title held by Skurdelis for him for reasons here immaterial. Possession of the property transferred was at once taken.

On November 19, 1930, the Gothes filed the bill of complaint herein, alleging misrepresentation and fraud on the part of Kakis and his representatives inducing such action on their part, praying for a rescission of the assignment executed by them, and for an accounting of the damages sustained by reason thereof. A tender of reconveyance of the Chicago property was proffered. John and Anna Kakis, his wife, answered, denying the material allegations contained in the bill. Charles Gothe passed away during the pendency of the suit. Antonette will hereafter be referred to as the plaintiff.

The trial court found that plaintiff and her husband had parted with their property by reason of the misrepresentations made to them of the value of the Chicago property, and entered a decree rescinding the assignment of the contract, but finding the sum of $649.37 due the defendants on the accounting. The plaintiffs were ordered to reconvey the Chicago property to the defendants. Defendants have appealed.

1. *Misrepresentations.* Charles Gothe being in ill health, the plaintiffs advertised their property for sale in a Chicago newspaper. Representatives of the Link Realty & Mortgage Company, with whom the defendant John Kakis had listed his property for sale, came to their home and looked their property over and were informed of the price asked for

it. They told plaintiff about defendants' flat building, and said that it "was worth $48,000 to $50,000." Later, the defendant John Kakis and his mother came to see them about a trade, and looked the property over. He at that time said to plaintiff that his property was a "seven-flat, and it was worth $48,000." The plaintiff soon after went to Chicago, was shown but one apartment, then vacant, in the flat, and the deal was consummated as stated.

The trial court found, and the evidence sustains his finding, that the fair market value of the Chicago property at that time was not more than $30,000, and that the rentals thereof would not pay the interest on the mortgages thereon and taxes and upkeep.

Kakis, under cross-examination, was asked what it was worth at the time of the exchange, and answered: "A year ago, may be worth $35, $32,000, $35,000, or $45,000, maybe worth." Plaintiff testified that one of the real estate men who consummated the deal for the defendants, in answer to a complaint made by her, said: " 'Why don't you try and change and get your place back?' He says, 'It will cost you five or six hundred dollars, but leave us out of it.' He says, 'I guess you are beat.' " It is significant that neither he nor the party who accompanied him to plaintiff's farm were called as witnesses.

Defendants' counsel insist that "A statement of value during negotiations does not amount to fraud." They rely upon our holdings in *Bowen* v. *Stocklin*, 215 Mich. 341, in *Kowalski* v. *Rusin*, 242 Mich. 1, and in *Gugel* v. *Neitzel*, 248 Mich. 312. In the latter case it was said:

"It is a settled and salutary general rule that a statement of value is a mere expression of opinion and cannot be made the basis of an action of fraud."

But it was also said:

"But there are exceptions to all generalities. Where a false representation of value is intentionally made to a person ignorant of value, with the purpose that such statement is to be relied upon, the representation is in the nature of a statement of fact and will support an action of fraud."

The fact that the plaintiff saw the property before purchasing does not, under the circumstances here presented, preclude her from basing a claim upon the false representation. *Yanelli* v. *Littlejohn,* 172 Mich. 91; *Pound* v. *Clum,* 204 Mich. 28. It is apparent that she relied upon the statements made as to the value of the property, and was induced thereby to convey her interest in the Van Buren county property.

2. *Laches.* The deal between the parties was concluded on May 8, 1930. The bill of complaint herein was filed on November 19th of that year. In *Gyles* v. *Stadel,* 252 Mich. 349, wherein rescission of a contract for the purchase of a farm on the ground of misrepresentation was sought, the contract was executed on February 8, 1928, possession taken on March 1st, and the bill of complaint filed in October following. It was said (p. 351):

"A defrauded party who seeks to rescind must act with reasonable promptness after discovering the facts. What is a reasonable time depends on the circumstances of the particular case. *Cornell* v. *Crane,* 113 Mich. 460. This defense will not be permitted to defeat the right to rescind unless it would be inequitable to deny it."

The plaintiff had no familiarity with the value of such property in Chicago, and retained possession only until fully satisfied that it was not as represented to her.

3. *Accounting.* Anna Kakis, the wife of defendant John Kakis, was separated from him at the time the exchange of properties was made. At the time of their separation, Kakis had conveyed to her certain property which he owned in Chicago. They afterwards got together and lived on the farm. It is their claim that they put $1,328.87 (a part of it being payments on the contract) into this property. The trial court so found, and credited them with that amount. He, however, charged them with back taxes, payments on the mortgage, and repairs put by plaintiff on the flat building, in all $679.50, and decreed that plaintiff should pay the balance, $649.37, to the defendants within 90 days, and gave them a lien on the Van Buren county property therefor. In our opinion the result so reached was just and equitable.

The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.