LADNEY *v.* TERNES STEEL COMPANY.

APPEAL AND ERROR—COMMON PLEAS COURT—CIRCUIT COURT—SU-
PREME COURT—QUESTION OF FACT—EVIDENCE—BREACH OF CON-
TRACT.
  Finding of circuit court that record on appeal to it from common
  pleas court contained substantial credible evidence to support
  the judgment for defendant in action for claimed breach of
  contract to manufacture plastic door pulls after accepting
  part delivery *held,* supported by record on appeal to Supreme
  Court; there being a sharp issue of fact.

  Appeal from Wayne; Toms (Robert M.), J. Submitted January 5, 1960. (Docket No. 6, Calendar
No. 48,036.) Decided April 11, 1960.

  Case by Michael Ladney, Jr., doing business as
Detroit Plastic Molding Company, against Ternes
Steel Company, a Michigan corporation, for breach
of contract to accept stipulated quantity of manufactured door handles. Judgment for defendant in
Detroit common pleas court upheld in circuit court.
Plaintiff appeals. Affirmed.

  *Orland H. Ellis,* for plaintiff.

  *Maiullo & Maiullo (Joseph A. Maiullo,* of counsel),
for defendant.

  KELLY, J. The common pleas court for the city
of Detroit denied plaintiff's claim that defendant

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 888.

breached a contract, and the circuit court affirmed the common pleas court.

Plaintiff contracted to manufacture 40,000 plastic door pulls for steel garage doors which defendant intended to promote and sell on a national basis. The contract called for a door pull that would "snap in securely."

After accepting 7,674 pulls, defendant refused further delivery; paid for the pulls delivered and, also, for money expended by plaintiff in obtaining cavity dies used in constructing the pulls.

Defendant claims that upon the first delivery of 2,000 pulls it informed plaintiff they were unsatisfactory; that payments were made up to final delivery because of plaintiff's repeated promise that it would remedy the defects and because plaintiff needed the money to operate; that defendant was desperately in need of the pulls because of national sales commitments; that an order was placed with another manufacturing firm when defendant concluded that plaintiff could not manufacture a satisfactory pull.

Plaintiff denied that defendant expressed any dissatisfaction after the initial delivery of the 2,000 pulls and claimed that the pulls were built according to defendant's blueprint.

Commenting upon the sharp conflict of testimony, Hon. Robert M. Toms, circuit judge, in his opinion stated:

"This case is before the court on an appeal of a judgment of no cause for action in the court below. The sole ground for appeal is that 'the judgment of the trial court is against the preponderance of the evidence.' No other error is alleged.

"It should be borne in mind at the outset that the present appellate practice does not provide for a trial *de novo,* as was the case formerly, but that this court sits only as a court of review to determine

whether the judgment in the lower court is lawful. Not being engaged in a trial *de novo,* this court does not determine where the preponderance of evidence lies, and the only question which can be determined is whether or not the judgment below was clearly against the great weight of the evidence. Before a judgment of a lower court can be reversed, it must clearly appear that there was no substantial credible evidence to sustain the judgment. The mere fact that this court might have reached a different conclusion from the same proof is not the test and cannot be the basis for reversing the conclusion reached by the lower court.

"Upon a careful review of the record in this case certainly no one could say that there was no substantial credible evidence to support the judgment of the common pleas judge. It is true that there was a sharp controversy and a sharp issue of fact which could possibly have been resolved differently by some other person. This, however, is quite beside the point. The common pleas judge was the officer authorized by law to hear the proofs, evaluate them and reach a judicial conclusion based thereon. This he undoubtedly did, and in doing so had the benefit of seeing and hearing the witnesses directly, an advantage which this court does not have. It must be determined that the judgment below finds basis and support in substantial admissible proof received by the trier of the facts, the credibility of the witnesses and the weight to be accorded the proof was exclusively within the province of the trial judge, subject only to the limitation that the judgment reached must find support and justification in such proof.

"The judgment of the court below is in all respects affirmed."

The record sustains the finding of the trial court and the judgment is affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.