AXENFIELD v. VIRTUE FURNITURE COMPANY.

1. SALES—RESCISSION—TIME.
   One seeking to rescind a sale and recover consideration paid must act with reasonable promptness after discovering the facts and what is a reasonable time depends on the circumstances of the particular case.

2. SAME—RESCISSION—EQUITY.
   A seller of household furniture will not be permitted to defeat the buyer's right to rescind on ground of delay unless it would be inequitable to deny it.

3. APPEAL AND ERROR—CIRCUIT COURT—COURT OF COMMON PLEAS—GREAT WEIGHT OF EVIDENCE.
   The circuit court on appeal from the common pleas court does not try the case *de novo* and, where there is credible evidence to support the finding of the common pleas judge, his judgment will not be set aside since it is not against the great weight of the evidence.

Appeal from Wayne; Targonski (Victor), J. Submitted October 11, 1960. (Docket No. 53, Calendar No. 48,591.) Decided December 1, 1960. Rehearing denied January 9, 1961.

Case by Myron Axenfield against Virtue Furniture Company, a copartnership composed of Harry L. Mandell and Lillian B. Mandell, to recover, upon rescission, sums paid on furniture. Judgment for plaintiff in common pleas court and circuit court. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 46 Am Jur, Sales § 764.
   Time for rescission by purchaser of chattel for fraud or breach of warranty. 72 ALR 726.
[3] 3 Am Jur, Appeal and Error §§ 817, 895.

*Joel W. Josephson (Donald S. Wexler,* of counsel), 'for plaintiff.

*Gabriel Glantz,* for defendant.

Kelly, J. Plaintiff filed his declaration alleging that on or about March 15, 1958, he purchased household furniture and furnishings in the amount of $1,655.21 from defendant furniture company; that defendant on the first day of April, 1958, delivered floor samples which had been used and soiled in the display rooms of defendant; that when plaintiff complained defendant "did attempt to clean, renovate and revarnish such furniture and furnishings but was unable to do so"; that on June 9, 1958, plaintiff "rescinded the entire contract of sale, requesting the return of his money from the defendant and tendering back all of the furnishings and furniture delivered to him by the defendant."

Defendant answered, stating:

"That all of the said merchandise delivered to plaintiff at said time was exactly the same merchandise which plaintiff had selected at the place of business of defendants. * * * That the plaintiff asked the defendants for certain service on said merchandise, which the defendants provided and that after said services had been furnished on 2 occasions, the plaintiff and his wife signed receipts stating that said services had been rendered to the complete satisfaction of each of them."

Common pleas court judge, Hon. David C. Vokes, awarded judgment for the sum paid for the furniture ($1,655.21), and the circuit court of Wayne county, on appeal, affirmed the judgment of the lower court.

Defendant appeals solely on the ground that plaintiff was barred from relief because he did not rescind until June, 1958. This defense was not urged in the trial of the case before the common pleas court.

Only a portion of the furniture ordered was delivered to plaintiff on or about April 1, 1958. The balance of the furniture did not arrive at defendant's store until about May 15, 1958.

Within a few days after delivery of the furniture, plaintiff noticed it was defective and twice called defendant concerning same. On each occasion a service man was sent out, and on each occasion plaintiff or his wife signed a service slip. Plaintiff stated he did so because the service man needed it to get paid and he figured it was the best that could be done. He also said the repair man told him: " 'You have to expect it (defects) in production line furniture.' "

In *Gothe* v. *Kakis*, 257 Mich 364, 368, we said:

"A defrauded party who seeks to rescind must act with reasonable promptness after discovering the facts. What is a reasonable time depends on the circumstances of the particular case. *Cornell* v. *Crane*, 113 Mich 460. This defense will not be permitted to defeat the right to rescind unless it would be inequitable to deny it."

In *Ladney* v. *Ternes Steel Co.*, 359 Mich 228, we affirmed the circuit judge's statement of the following principle:

" 'It should be borne in mind at the outset that the present appellate practice does not provide for a trial *de novo*, as was the case formerly, but that this court sits only as a court of review to determine whether the judgment in the lower court is lawful. Not being engaged in a trial *de novo*, this court does not determine where the preponderance of evidence lies, and the only question which can be determined is whether or not the judgment below was clearly against the great weight of the evidence. Before a judgment of a lower court can be reversed, it must clearly appear that there was no substantial credible evidence to sustain the judgment. The mere fact

that this court might have reached a different conclusion from the same proof is not the test and cannot be the basis for reversing the conclusion reached by the lower court.' "

The record discloses there was substantial credible evidence to sustain the judgment, and further discloses that the judgment below was not against the great weight of the evidence.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.