SCHULER *v* AMERICAN MOTORS SALES CORPORATION

1. JUDGMENT—JUDGMENT NOTWITHSTANDING THE VERDICT—APPEAL AND ERROR.

    On appeal from the granting of a judgment notwithstanding the verdict the facts are reviewed in the light most favorable to the party who opposed the motion.

2. JUDGMENT—JUDGMENT NOTWITHSTANDING THE VERDICT—QUESTION FOR JURY.

    The test for determining the propriety of a trial court's action in granting a defendant's motion for a judgment notwithstanding the verdict is whether from the facts viewed in the light most favorable to the plaintiff, reasonable men could honestly reach a different conclusion; if they can, the question is for the jury.

3. FRAUD—MISREPRESENTATION—IGNORING INFORMATION.

    A party cannot show a misrepresentation by ignoring a part of the information supplied him and then later claim he was defrauded because he was not told of the facts which he chose to ignore.

4. FRAUD—MISREPRESENTATION—AVAILABILITY OF INFORMATION.

    Fraud does not exist where means of knowledge are open and the degree of their utilization is circumscribed in no respect by the party who allegedly committed the fraud.

5. FRAUD — MISREPRESENTATION — IGNORING INFORMATION — AVAILABILITY OF INFORMATION.

    Plaintiff's allegation of misrepresentation in a contract case was without merit where schedules containing every deficiency of which plaintiff complained were an integral part of the representations made by defendants, the schedules were given

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  5 Am Jur 2d, Appeal and Error §§ 608, 886.
[3–5]  37 Am Jur 2d, Fraud and Deceit § 236 *et seq.*
[6]  37 Am Jur 2d, Fraud and Deceit §§ 275 *et seq.*; 424.

to the plaintiff to read and he signed them, and there is no evidence in the record which shows the schedules to be inaccurate.

6. FRAUD—MISREPRESENTATION—SALABILITY—EXPRESSION OF OPINIONS.

Plaintiff's allegations that defendants misrepresented inventories as to their value and salability during contract negotiations are not allegations that will support an action in fraud, because such expressions are statements of opinion, not fact.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 January 12, 1972, at Detroit. (Docket No. 10799.) Decided March 22, 1972.

Complaint by James C. Schuler against American Motors Sales Corporation and Livernois Rambler, Inc., for damages for fraud and breach of contract. Verdict for plaintiff. Judgment for defendants notwithstanding the verdict. Plaintiff appeals. Affirmed.

*Keywell & Rosenfeld,* for plaintiff.

*Cross, Wrock, Miller & Vieson* (by *W. Robert Chandler* and *Andrew A. Paterson, Jr.*), for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. Plaintiff appeals from a judgment notwithstanding the verdict for defendants, and seeks to reinstate a jury verdict of $12,000 in his favor.

In 1966, plaintiff purchased 120 shares of common stock (a 12–1/2% interest) of defendant Livernois

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Rambler, Inc. The stock was purchased from defendant American Motors Sales Corporation, which at the time owned all the outstanding stock of Livernois Rambler and thereafter retained its majority stock interest. Plaintiff claims that material misrepresentations were made by defendants with respect to the new car inventory and the parts and accessories inventory of Livernois Rambler upon which he relied, and that at the trial sufficient, clear, and convincing evidence was adduced to permit the jury to decide whether or not he was defrauded.

On review of the granting of defendants' motion for judgment notwithstanding the verdict, the facts are viewed in the light most favorable to plaintiff. The test used is "whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is 'yes', the question is for the jury". *Anderson v Gene Deming Motor Sales, Inc*, 371 Mich 223, 229 (1963).

An examination of the record reveals the following with regard to plaintiff's proofs.

Plaintiff testified as to certain representations made to him by defendants: (1) that the new car inventory of Livernois Rambler as of March 31, 1966, contained 109 new cars and 8 demonstrators, and that the inventory would be new, salable automobiles; (2) that Livernois Ramber had an inventory of parts and accessories as of March 31, 1966, of $31,000, and that all of its inventories were true and accurate.

Plaintiff testified that these representatione were false in that: (1) his examination of the new car inventory, some two months after he purchased his stock and took over the dealership, revealed that there were numerous cars which were in fact used, having substantial mileage on them and showing

pedal and tire wear; (2) his inventory of the parts and accessories, taken some six months after March 31, 1966, revealed old and totally obsolescent parts included in such inventory.

The representations made by the defendants as to the above-mentioned inventories were contained in a financial statement and supporting schedules, which spoke as of March 31, 1966. The statement and schedules were given to plaintiff and reviewed with him by a representative of defendants on April 19, 1966. Although plaintiff testified that he did not read all of the supporting schedules, he did admit that he had signed each one.

These schedules reveal every deficiency of which plaintiff complains on appeal. A list of "1965/66 new cars in new car inventory with miles 3/31/66" identifies those cars included in the new car inventory which had mileage on them, what that mileage was, and what adjustment in price, if any, had been made therefor by defendants. There was no evidence that any new cars besides those identified in the schedule had mileage on them. In fact, plaintiff does not contend that there *were* others; his complaint relates to those very cars which were identified on the schedule.

Another schedule contains a list of parts and accessories categorized in groups by model year, old as well as new, and showing respective values for each year group.

These schedules were an integral part of the representations made by defendants. They were given to plaintiff to read and plaintiff signed them. There is no evidence in the record which shows them to be inaccurate. Plaintiff cannot show a misrepresentation by ignoring a part of the information supplied him, and then later claim he was defrauded because he was not told of the facts which he chose to ignore.

There is no fraud where means of knowledge are open to the plaintiff and the degree of their utilization is circumscribed in no respect by defendant. *Hayes Construction Co.* v *Silverthorn,* 343 Mich 421, 427 (1955). See *Wheeler* v *Martin,* 364 Mich 41 (1961); *Collins* v *Jackson,* 54 Mich 186 (1884).

Plaintiff's allegations that defendants misrepresented the inventories as to their value and salability are not such as will support an action in fraud. Such expressions are statements of opinion, not fact. See *Achenbach* v *Mears,* 272 Mich 74, 78 (1935); *Mieske* v *Harmony Electric Co,* 278 Mich 61 (1936); *Collins* v *Jackson, supra.*

In sum, we find no evidence that the sale was induced by misrepresentation of a material fact on the part of defendants. Plaintiff either knew or could readily have discovered every material fact that was known by defendants at the time of the sale. Accepting plaintiff's claims at their face value, the strongest case he has made out is legally insufficient to constitute a cause of action. It thus became proper for the court to grant a judgment notwithstanding the verdict for defendants. See *Lebeis* v *Rutzen,* 289 Mich 1 (1939).

Affirmed. Costs to defendants.

All concurred.