GEORGE v SPENCER

1. VENDOR AND PURCHASER—LAND CONTRACTS—RESCISSION—FRAUD—
   MISREPRESENTATION—EXPRESSION OF OPINIONS—PUFFING.

   A salesman's alleged representations brought out in a vendee's
   suit for rescission of a land contract that he could make a quick
   sale of the subject property for $2,500 an acre, where the
   vendee acknowledged that the salesman had no firm offers at
   $2,500 and that if he did he would be obligated to sell at that
   price for the party which had listed the property with him, and
   where the vendee also testified that she was not relying "whole-
   heartedly" on the representations that the salesman had par-
   ties interested at $2,500, are "puffing" and expressions of
   opinion, not fact.

2. VENDOR AND PURCHASER—LAND CONTRACTS—FRAUD—MISREPRE-
   SENTATION—ORDINANCES—ZONING CLASSIFICATION.

   A real estate salesman did not misrepresent the zoning classifica-
   tion of land which he sold to a land contract purchaser when
   he said the land was zoned industrial where at the time of the
   sale to the buyer an interim ordinance was in effect zoning the
   subject property as agricultural-residential; the property was
   listed as industrial property and was zoned industrial at the
   time of listing, the interim zoning ordinance was only enacted
   as part of an effort to adopt a master zoning plan and was used
   to control future industrial uses of the property, subsequent to
   the interim ordinance the subject property continued to be
   offered on the market as industrial property, after the township
   master plan was completed the subject property was listed as
   heavy industrial, and all parties involved with the subject
   property treated it as industrial, and the buyer never com-
   plained or mentioned to anyone that the zoning had been
   misrepresented to her after she first learned of the interim
   zoning ordinance; in a highly restrictive sense the property was
   not zoned as industrial, but while a fair reading of the record

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur, Vendor and Purchaser §§ 4 et seq., 67.
[3] 37 Am Jur 2d, Fraud and Deceit §§ 12–19.

shows that everyone involved in the transaction treated the property zoned as industrial, the property is zoned for industry.

3. Fraud—Elements.

Generally, to constitute actionable fraud it must appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury; each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to recovery.

Appeal from Macomb, Hunter D. Stair, J. Submitted Division 2 May 5, 1974, at Detroit. (Docket No. 17903.) Decided October 22, 1974.

Complaint in district court by Stella George against Edna P. Spencer for recovery of property after defendant forfeited on a land contract. Counterclaim by Spencer against George for rescission of the land contract and return of down-payment monies. Matter removed to circuit court for trial. Third-party complaint by Stella George against Donald R. Oselette, Abraham Selesney, and Associates Land Company for reimbursement of any damages obtained by Spencer in her counterclaim for rescission. Judgment for George as to the forfeiture of the land contract and Spencer's counterclaim for rescission denied. Spencer appeals. Affirmed.

*Tony Ferris,* for Stella George on appeal.

*William A. Gentz* and *Max D. McCullough,* for Edna P. Spencer on appeal.

*William N. Bradford,* for Abraham Selesney on appeal.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. We hear this case *de novo.* We have examined the entire record carefully and hold that the findings of facts made by the trial court are not clearly erroneous and the application of the law to be proper, GCR 1963, 517.1; GCR 1963, 810(2).

Edna Pearle Spencer, hereinafter referred to as vendee, met Donald R. Oselette some time in 1969 when the latter, a real estate salesman for Associates Land Co., sold a house for her and assisted her in the purchase of other property. In the latter part of 1969 Oselette approached her concerning the purchase of 62 acres of land which was listed with Associates by Stella George, hereinafter referred to as vendor. This acreage was listed on September 15, 1969, as industrial property and in fact was zoned industrial at the time under the Washington Township Zoning Ordinance of 1962. On October 16, 1969, Washington Township, as part of an effort to adopt a master zoning plan, enacted an interim ordinance zoning the subject property at its existing use, *i.e.,* agricultural-residential. Subsequent to the interim ordinance the subject property continued to be offered on the market as industrial property. The township master plan was completed on July 20, 1972, and listed the subject property as heavy industrial.

Oselette convinced the vendee that the George property would be a good investment for her, that he could get it for her for $2000 an acre, that it was industrial property, that he had several purchasers who were interested in buying it, and that he could sell it for $2500 an acre with a profit for

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

both of them. In January, 1970, the vendee entered into a preliminary agreement to purchase the property for $120,000, with $20,000 as down payment, semiannual payments of $5000 plus interest, and payment in full in ten years. The land contract was signed on March 6, 1970. Prior to signing the land contract the vendee obtained an attorney's opinion on the subject property and understood that the property was subject to the zoning and building ordinances of the township. She did nothing to verify the zoning.

On March 21, 1970, the vendee listed the property with Oselette for sale as industrial property at $2500 an acre. The vendee defaulted on the first payment due September 15, 1970, and made no response to a request for payment by the vendor's attorney. When the vendee remained silent in the face of further requests for payment a complaint was filed on January 5, 1971, for the recovery of the subject property. On February 21, 1971, an order to answer was entered by the district court requiring the vendee to appear on or before April 2, 1971. Thereafter the vendee appeared, answered, and filed a countercomplaint for rescission alleging that the vendor's agent represented that the property was zoned industrial and that he could make a quick sale of the subject property for $2500 an acre, and the matter was removed to the circuit court for trial.

In the meantime Oselette had moved his family to Mexico. However, the vendee corresponded with him concerning the sale of the property and inquired if he had located a buyer. In her correspondence with Oselette the vendee never mentioned the fact that the subject property was not zoned industrial at the time she purchased it. On January 17, 1971, she listed the property with Short

Realty for sale as industrial property at $2500 an acre and again relisted it as industrial with Short Realty in March of 1972.

The trial court found that there had been no misrepresentation to the vendee on the subject of zoning and that Oselette's representation that he had parties interested at $2500 was mere "puffing". We agree. The testimony substantiates the finding that the vendor, vendee, Township of Washington, and the realtors with whom the property was listed all treated the subject property as industrial, and that the interim ordinance was used to "control future industrial uses of the property". As further evidence that the vendee was satisfied the property was industrial she admitted she never complained or mentioned to anyone that the zoning had been misrepresented to her after she learned of the interim zoning either shortly after she listed the property with Oselette as she at first testified or in December, 1970, as she later testified.

In a highly restrictive sense it is true that the property was not zoned as industrial. But a fair reading of the record finds support for the trial court's conclusion that everyone involved in the transaction treated the property as industrial and indeed it was industrial. We find no misrepresentation.

In her testimony concerning value the vendee acknowledged that she knew Oselette had no firm offers at $2500 and that if he did he would be obligated to sell at that price for Stella George. She also testified that she was not relying "wholeheartedly" on the representations that he had parties interested at $2500. The inference is that the vendee was relying on Oselette's representation that he could sell the property quickly at a

profit. This the trial court found was "puffing". We agree. Such statements are expressions of opinion, not fact. See *Schuler v American Motors Sales,* 39 Mich App 276; 197 NW2d 493 (1972), and cases therein cited. *Kowalski v Rusin,* 242 Mich 1; 217 NW 768 (1928).

The further finding by the trial court that the property was worth more than the vendee paid for it is not clearly erroneous. The testimony supports the finding that at the time vendee purchased the property it was worth at least $2100 an acre and at the time of trial $2500 an acre as agricultural land and that as industrial property the value could reach as much as $5000 an acre.

"The general rule is that to constitute actionable fraud it must appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *A & A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634, 639; 110 NW2d 601 (1961).

The trial court applied the rule in *A & A Asphalt, supra,* and found the countercomplainant's case wanting as above set forth in this opinion. In view of this result we find it unnecessary to deal with the other alleged errors.

We affirm with costs to appellees.

All concurred.