*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RANDALL CHASE and RHIANNON CHASE,

      Plaintiffs-Appellants,

v

JOEL WOLTJER,

      Defendant-Appellee.

UNPUBLISHED
December 14, 2023

No. 365250
Kent Circuit Court
LC No. 22-002026-CH

Before: FEENEY, P.J., and RICK and HOOD, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order granting summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL BACKGROUND

This case involves a claim of fraud arising from plaintiffs' purchase of a house from defendant. The purchase agreement was signed on August 27, 2020. Before the purchase was completed, defendant executed a seller's disclosure statement. In the statement, defendant represented that: 1) There was no evidence of water in the basement or crawl space; 2) the roof was approximately 10 years old, had been installed by a previous owner, and did not show signs of leaking; 3) defendant was unaware of asbestos on the property; 4) no modifications to the property had been made without the proper permits and licenses; and 5) there were no issues with flooding, grading, or drainage on the property.

The purchase agreement contained a provision entitling plaintiffs to conduct a property inspection and investigation within ten days. It further provided that if the inspection/investigation results were not acceptable to plaintiffs, they could, upon timely written notice to the defendant, either terminate the agreement and have their earnest money deposit refunded or make a written proposal requesting defendant correct the unsatisfactory conditions. Plaintiffs hired a home inspector to inspect the property. The home inspection report indicated 1) signs of water penetration in basement and crawl space; (2) potential asbestos in the floor tiles; (3) signs of a water leak around the chimney and roof plumbing vents; 4) wear and tear on the roof coverings; 5) a lack of flashing on parts of the roof that could cause leaking; 6) that the grade of the property

was not properly sloped for water drainage away from the home, requiring the installation of downspout extenders. Despite these indications, plaintiffs neither requested a refund of their earnest money deposit, nor did they demand defendant to fix the unsatisfactory conditions. Instead, plaintiffs opted to close on the sale of this property.

Plaintiffs began noticing issues with the property after they moved in. They initially noticed water damage in several places, including the basement. In August 2021, approximately a year after buying the house, plaintiffs hired Pillar to Post, a water intrusion company, to perform an inspection. A representative from the company determined that there was evidence of water damage in the basement and that the ground surface outside of the home was not properly sloped to allow water to drain away from the foundation. Further water damage was found in the master bedroom and a closet, which are both on the main floor of the home. Another company estimated that the basement would need a number of major repairs costing $21,861.92. Mold and asbestos were also discovered in the basement. It was estimated that it would cost an additional $4,412.24 to repair those issues. Further problems were also discovered, including a water leak that affected the home's electrical breaker box, improperly installed roofing and siding, improper grading of the foundation around the house, and an improperly grounded water meter.

Plaintiffs filed a complaint against defendant in March 2022. According to plaintiffs, along with the aforementioned issues requiring costly repairs, efflorescence[1] was reportedly present in the basement and was painted over. Some of the trim in the basement appeared to have recently been replaced. The trim "had been attached with screws instead of finishing nails, presumably to hide the evidence of water damage." Additionally, plaintiffs claimed that the front crawl space was covered with a corkboard "for unknown reasons." Plaintiff's alleged one count of fraud and misrepresentation, arguing that defendant made material representations on the seller's disclosure statement that there was no water damage in the basement, no asbestos in the home, and no leaks in the roof. Plaintiffs alleged that they were completely unaware of the severity of these issues before buying the home because defendant did not disclose them. Plaintiffs estimated that the cost of the repairs to the home, as detailed above, would total $121,102.02. They asked the trial court to enter a judgment in their favor for that amount.

Defendant ultimately moved for summary disposition pursuant to MCR 2.116(C)(10). He argued that plaintiffs could not establish a prima facie case of fraud or misrepresentation because plaintiffs' home inspection listed the same problems that plaintiffs claimed were unknown to them prior to purchasing the property. He also noted that he made no representations about mold, mildew, or the condition of the siding on the home, and thus contended that plaintiffs could not claim they were misled by any such representations in order to prove their claim of fraud. In response, plaintiffs argued that defendant's motion should be denied because genuine issues of material fact existed as to whether defendant knew about the following issues: "the existence of extensive mold and mildew throughout the house, a leak in the breaker box causing a dangerous

---

[1] Efflorescence is a white, chalky substance that appears on brick or concrete walls. It can be purely cosmetic, or it can be an indicator of moisture in a home. Nick Gromicko, International Association of Home Inspectors, *Efflorescence for Inspectors* < https://www.nachi.org/efflorescence.htm> (accessed November 8, 2023).

combination of water and electricity, asbestos originating from friable sources that do not include floor tiles, and improper water meter grounding with improperly installed grounding rods." Plaintiffs further claimed that defendant's motion for summary disposition should be denied because there was evidence that he concealed some of the damage in the basement by 1) painting over efflorescence; 2) installing new trim; and 3) installing corkboard over the crawl space.

Finally, plaintiffs argued that according to *Titan Ins Co v Hyten*, 491 Mich 547, 557; 817 NW2d 562 (2012), the doctrines of actionable fraud, innocent misrepresentation, and silent fraud did not require plaintiffs to have performed an investigation into all of the assertions and representations made by the defendant in order to establish their claim. Thus, plaintiffs did not have a duty to investigate each and every one of defendant's representations in the seller's disclosure statement. Instead, they merely needed to prove that defendant knew or should have known about the property defects at the time the representations were made. Plaintiffs argued that defendant did know about the defects, and that they relied on the misrepresentations listed in the seller's disclosure statement when they purchased the property. Accordingly, plaintiffs asked the trial court to deny the motion for summary disposition.

A hearing was held on the motion, and the parties argued consistent with their briefs. In an opinion issued after the hearing, the trial court found in favor of defendant. The court opined that plaintiffs' claims appeared to be based on speculation. It explained:

> Plaintiffs have not attached any evidence that Defendant was aware of these conditions as required by MCR 2.116(G)(4), and instead, seem to be resting upon mere allegations in their Response Brief. Even when viewing Plaintiffs' expert inspection report and the color photographs in a light most favorable to Plaintiffs, the opinions do not conclusively state that Defendant was the cause of these conditions. Instead, the language is speculative, as it states that the screws to secure the trim "may have been" an attempt to hide water damage. Moreover, the inspection report does not conclude who may have been attempting to hide the water damage, as Defendant was not the only owner of the home prior to the Plaintiffs. At this point, Plaintiffs only have mere speculation, which is not enough to get past a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153; 516 NW2d 475 (1994).

The trial court further noted that none of the issues regarding the mold and mildew, the leak in the breaker box, the asbestos, or any water meter grounding issues could be subject to a fraud action because none of those items were addressed in the seller's disclosure statement and there was no evidence that defendant made any misrepresentations about those issues. According to the court,

> In order to prevail on an action for fraudulent misrepresentation, a misrepresentation must have been made which was relied upon by the Plaintiffs. In order to prevail on silent fraud, there must have been a duty to disclose a known defect. There is no evidentiary support for the assertion that Defendant knew of these defects, and moreover, there is no evidence that a duty to disclose even arose, as there were no inquiries made by Plaintiffs on these issues either.

Accordingly, the trial court granted defendant's motion for summary disposition. This appeal followed.

## II. ANALYSIS

Plaintiffs argue that the trial court erred by granting defendant's motion for summary disposition under MCR 2.116(C)(10) where questions of material fact remained as to whether defendant committed fraud by failing to disclose certain defects in the home to plaintiffs prior to selling them the house. We disagree.

A summary disposition motion brought under MCR 2.116(C)(10) is granted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). In evaluating the motion, "[t]he reviewing court should . . . consider[] the substantively admissible evidence actually proffered in opposition to the motion." *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020) (quotation marks and citation omitted). This includes "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).

Generally, in the context of property transactions, "[c]aveat emptor prevails in land sales, and the vendor . . . is not liable for any harm due to defects existing at the time of sale." *Lorenzo v Noel*, 206 Mich App 682, 685-686; 522 NW2d 724 (1994) (quotation marks and citation omitted). However, prior to executing the sale of the house, defendant signed a seller's disclosure statement, which comported with the Seller Disclosure Act (SDA), MCL 565.951 *et seq*. Specifically, defendant was required to "disclos[e] . . . the condition and information concerning the property, known by the seller." MCL 565.957. Such disclosures must be made in good faith and with "honesty in fact in the conduct of the transaction." MCL 565.960.

Under the SDA, two kinds of fraud actions may be maintained on the basis of a seller's disclosure statement: common-law fraud, also known as fraudulent misrepresentation, and silent fraud. *Roberts v Saffell*, 280 Mich App 397, 414; 760 NW2d 715 (2008). In their complaint, plaintiffs alleged one count of "fraud and misrepresentation," the substance of which tracks with a claim of "fraudulent misrepresentation." Plaintiffs later discussed the doctrine of silent fraud in relation to defendant's motion for summary disposition. On appeal, plaintiffs do not specifically differentiate between the two theories of fraud. However, they argue that defendant took steps to conceal some of the damage to the property, which suggests that plaintiffs seek to have this issue analyzed under both a silent fraud and fraudulent misrepresentation framework. To prove fraudulent misrepresentation, a plaintiff must establish:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*M&D, Inc*, 231 Mich App at 27.]

-4-

A claim of silent fraud may be "established when there is a suppression of material facts and there is a legal or equitable duty of disclosure." *Id*. at 35-36. Further, "there must be some type of misrepresentation, whether by words or action, in order to establish a claim of silent fraud." *Id*. at 36.

The main defects to the property cited by plaintiffs include 1) water damage in the basement; 2) water damage on the main floor; 3) improper grading outside of the house; 4) the presence of asbestos in tiles in the basement; 5) free-standing asbestos in the basement; 6) mold and mildew in the basement; 7) a water leak affecting the breaker box; 8) improper grounding of the water meter; and 9) an incorrectly installed roof and siding. Regarding the roof and siding, plaintiffs' pre-sale home inspection report stated that the roof would need to be replaced within a few years and that a plumbing vent below the chimney was leaking because it could not be properly flashed. It further indicated that the roof lacked additional flashings, which could cause leaks. Regarding the grading of the property around the foundation, the report stated that "[t]he grade at the front of home rear of home left side (facing front) right side (facing front) the house is flat. We recommend a 10 degree slope away from the house to properly drain water away." Regarding water damage to the basement, the report merely stated that "[t]here are signs of water penetration in the past. We would recommend that precautionary measures be taken to prevent future problems. Examples: (Install proper grading around the house and install gutters and downspouts to divert water away from the house.)" It further stated that there appeared to be asbestos tiles in the basement and recommended that they be tested. In the seller's disclosure statement, defendant answered "no" in response to a section asking: "Basement/Crawl Space: Has there been evidence of water?" Defendant also answered "no" to a question asking whether there were any roof leaks on the property. He further answered "no" to a question asking whether there were any "[s]ettling, flooding, drainage, structural, or grading problems" on the property. Notably, the seller's disclosure statement did not address the asbestos, mold and mildew, or electrical problems.

Plaintiffs claim that defendant made a series of material representations on the seller's disclosure statement regarding water damage, flooding and grading issues, and roof leaks, but there is no evidence that they were false, that defendant knew they were false, or otherwise made them recklessly or without knowledge of the truth. *M&D, Inc*, 231 Mich App at 27. Nevertheless, plaintiffs claim that these statements were made with knowledge that they were false, citing evidence that defendant tried to conceal some of the damage in the basement by painting over efflorescence, covering the crawl space, and replacing trim. But according to an affidavit submitted to the trial court by defendant, he merely covered the crawl space with a new corkboard to improve its appearance, and painted the basement for cosmetic reasons before selling the house. Defendant flatly denied replacing the trim in the basement.

With little more than plaintiffs' speculation about the purpose for which defendant made these modifications to the basement, we cannot conclude that he did so to conceal damage to the property. To support their claim of fraudulent misrepresentation, plaintiffs were required to establish that defendant made a material misrepresentation recklessly or knowing that it was false, and with the intent to deceive. See *M&D, Inc*, 231 Mich App at 27. To support a claim of silent fraud, plaintiffs must establish that defendant made a misrepresentation that was intended to deceive, or that he intentionally suppressed material facts to create a false impression. See *Roberts*, 280 Mich App at 404. In either case, plaintiffs have not established that defendant intended to deceive them, and thus, their claims of fraudulent misrepresentation and silent fraud with respect

-5-

to water damage, roof leaks, issues with the grading of the land around the foundation, and the presence of asbestos tiles, all of which were addressed in the seller's disclosure statement, lack merit.

Further, even if this Court were to agree that defendant intentionally or recklessly made material misrepresentations in the seller's disclosure statement, plaintiffs would still need to show that they reasonably relied on those representations to their detriment in order to establish their claim. *M&D, Inc*, 231 Mich App at 47. We conclude that they cannot do so. The home inspection report indicated that water damage was a problem in the home in the past as a result of the grading of the land and problems with the roof. The inspector opined that water damage could become a problem in the future if certain aspects of the exterior of the home were not repaired or altered to ensure that water did not get in the house. That happened, prompting plaintiffs to file this lawsuit approximately 19 months later. The report also clearly states that there are asbestos tiles in the basement. Given the contents of the home inspection, and viewing the evidence in the light most favorable to plaintiffs, we conclude that plaintiffs did not reasonably rely on defendant's representations in the seller's disclosure statement with regard to water damage in the home, issues with the grading of the land, problems with the roof, and asbestos tiles in the basement. Instead, they ignored their own expert and instead moved forward to purchase the home.

Indeed, the purchase agreement contained a provision entitling plaintiffs to have the home inspection completed before going through with the purchase. It delineated the possible options available to plaintiffs if the inspection proved unsatisfactory:

> All inspections and investigations will be completed within ten (10) days after the Effective Date. If the results of Buyer's inspections and investigations are not acceptable to Buyer, Buyer may, within the above referenced period, by written notice to Seller, either terminate this Agreement and receive a refund of Buyer's Earnest Money Deposit, or make a written proposal to Seller to correct those unsatisfactory conditions. If Buyer fails to make a written proposal within the above referenced time period, then Buyer will be deemed to have accepted the Property as is.

Generally, "[t]here is no fraud where means of knowledge are open to the plaintiff and the degree of their utilization is circumscribed in no respect by defendant." *Schuler v American Motors Sales Corp*, 39 Mich App 276, 280, 197 NW2d 493 (1972). However, "[t]hat general rule has an important caveat: parties do not have an independent duty to investigate and corroborate representations unless they were presented with some information or affirmative indication that further investigation was necessary." *Coosard v Tarrant*, 342 Mich App 620, 637-638; 995 NW2d 877 (2022) (quotation marks and citation omitted). Based on the information contained in the pre-sale home inspection report, there were many indications that further investigation of the property might be necessary. At that point, plaintiffs *did* have a duty to investigate and corroborate whether defendant's representations on the seller's disclosure statement matched the results of the home inspection report. According to the purchase agreement, plaintiffs could have refused to go through with the sale and demanded the return of their earnest money deposit or they could have asked defendant to fix the defects that were revealed during the inspection. Plaintiffs did neither. Instead, they closed on the property, defects and all. In doing so, they accepted the property "as is." We recognize that "an 'as is' clause will not protect a seller against a claim for fraud merely

because the buyer could have discovered the truth. Instead, it must have been reasonable to expect the buyer to discover a defect upon inspection, and it must also be reasonable for the buyer to conduct the inspection in the first place." *Id*. at 638 (footnote omitted). But here, it was eminently reasonable to expect that plaintiffs should have discovered the defects to the property after conducting the pre-sale inspection, which they were entitled to conduct pursuant to the provision regarding inspections detailed in the purchase agreement. Under the circumstances, we cannot conclude that plaintiffs reasonably relied on any alleged misrepresentations by defendant.

This still leaves a number of matters yet to be addressed, including the water leak that damaged plaintiffs' electrical breaker box, the improper grounding of the water meter, and free-standing asbestos, mold, and mildew in the basement. Plaintiffs seek to hold defendant accountable for these issues under a theory of fraudulent misrepresentation or silent fraud, on the basis of the representations made in the seller's disclosure statement. But none of these issues were specifically addressed in the seller's disclosure statement. "A misrepresentation claim requires reasonable reliance on a false representation." *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994). Likewise, "in order to prove a claim of silent fraud, a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M&D, Inc*, 231 Mich App at 32. Defendant made no representations at all about these issues on which plaintiffs could claim to have relied. Thus, they cannot establish fraudulent misrepresentation or silent fraud in relation to these matters. Accordingly, we conclude that the trial court did not err by granting summary disposition to defendant.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Michelle M. Rick
/s/ Noah P. Hood