BENNETT v COLUMBUS LAND COMPANY

1. SALES—UNIFORM COMMERCIAL CODE—GOODS—STATUTES.

    Article 2 of the Uniform Commercial Code applies only to transactions in goods (MCLA 440.2102; MSA 19.2102).

2. SALES—VENDOR AND PURCHASER—REAL PROPERTY—UNIFORM COMMERCIAL CODE—GOODS—STATUTES.

    The sale of land upon which a well has been dug does not involve the sale of a good under Article 2 of the Uniform Commercial Code (MCLA 440.2105[1]; MSA 19.2105[1]).

3. SALES—VENDOR AND PURCHASER—REAL PROPERTY—UNIFORM COMMERCIAL CODE—IMPLIED WARRANTY.

    The implied warranty theories of the Uniform Commercial Code do not apply to a claim by a purchaser of land that a well located on the land at the time of the sale does not produce water, where the purchaser asserts no claim that the component parts of the well were defective.

4. VENDOR AND PURCHASER—REAL PROPERTY—IMPLIED WARRANTY—WARRANTY OF HABITABILITY—RESIDENTIAL DWELLINGS.

    An implied warranty of habitability does not apply where a case does not involve the sale or construction of a new residential dwelling.

Appeal from St. Clair, Ernest F. Oppliger, J. Submitted June 8, 1976, at Detroit. (Docket No. 23427.) Decided August 3, 1976.

Complaint by James F. Bennett, Jr., and Cyn-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 67 Am Jur 2d, Sales §§ 2, 4, 19.

[2] 67 Am Jur 2d, Sales §§ 12, 13, 131, 134, 135.

[3] 67 Am Jur 2d, Sales § 460 *et seq.*

[4] 77 Am Jur 2d, Vendor and Purchaser § 335.

Liability of builder-vendor or other vendor of new dwelling for loss, injury, or damage occasioned by defective condition thereof. 25 ALR3d 383.

thia Bennett against Columbus Land Company, Verlin S. Treend, Peter Stoicheck and others for breach of express warranty, breach of implied warranty of fitness for a particular purpose and misrepresentation based on failure of a well to produce water on lands sold to plaintiffs. Judgment for plaintiffs. Defendants Columbus Land Company and Verlin S. Treend appeal by leave granted. Reversed and remanded for entry of judgment for defendants.

*Felix S. Kubik* and *Marvin A. Canvasser,* for plaintiffs.

*Edward J. Gallagher II,* for defendants.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

T. M. BURNS, J. Plaintiffs purchased a lot from defendant Columbus Land Company. Defendant Treend was the realtor through which the real property was sold.

A water well existed on the land when it was purchased. Plaintiffs constructed a house on the land. The existing well did not produce water, so plaintiffs dug a second well.

Plaintiffs sued the defendants for breach of express warranty, breach of implied warranty of fitness for a particular purpose, and misrepresentation. The suit was based on the failure of the original well to produce water. The jury returned a verdict against defendants for breach of implied warranty.

The plaintiffs' implied warranty theory was based upon the Uniform Commercial Code implied

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

warranty for a particular purpose, MCLA 440.2315; MSA 19.2315. Throughout the trial, defendants contended that the UCC implied warranty did not apply to the facts. The trial court consistently ruled that the UCC applied to this case. The defendants argue on appeal that the trial court erred in instructing the jury on the implied warranty theory. We agree.

UCC § 2-315, upon which plaintiffs rely, is not applicable to this case.[1] Article 2 of the Uniform Commercial Code applies only to transactions in goods. MCLA 440.2102; MSA 19.2102. The sale of land upon which a well has been dug does not involve the sale of a "good". MCLA 440.2105(1); MSA 19.2105(1). Plaintiffs asserted no claim that the component parts of the well were defective, only that the well did not produce water. The theory was erroneously submitted. *Cf. Dittman v Nagel,* 43 Wis 2d 155; 168 NW2d 190 (1969), *Gable v Silver,* 258 So 2d 11 (Fla App 1972).

Although not properly before this Court, plaintiffs' implied warranty of habitability argument warrants comment. The instant case does not involve the purchase of a new residential dwelling. Defendants did not construct or sell such a dwelling to the plaintiffs. The implied warranty of habitability thus does not apply. *Weeks v Slavik Builders, Inc,* 24 Mich App 621, 627–628; 180 NW2d 503 (1970).[2] See *Yepsen v Burgess,* 269 Or 635; 525 P2d 1019 (1974).

We express no opinion as to the existence of an

[1] Even if the UCC applied in this case, reliance upon § 2-315 would warrant reversal. It is the function of all water wells to produce water. There is nothing which makes the well in this case peculiar to the needs of these plaintiffs.

[2] *Elderkin v Gaster,* 447 Pa 118; 288 A2d 771 (1972), is not applicable to the instant case. The defendants herein did not build plaintiffs' house. The well existed on the land prior to its purchase, and there was no contract to dig a well or to supply water.

implied warranty theory of recovery in this case distinct from the UCC and habitability theories. We simply hold that, under the facts of this case, the UCC implied warranties do not apply.

Reversed and remanded for entry of judgment for defendants. Costs to defendants.