H HIRSCHFIELD SONS, COMPANY v COLT INDUSTRIES
OPERATING CORPORATION

Docket No. 53929. Submitted May 13, 1981, at Lansing.—Decided
July 8, 1981. Leave to appeal applied for.

H. Hirschfield Sons, Company brought an action against Colt
Industries Operating Corporation for damages resulting from
breach of an express warranty, breach of an implied warranty
of quality or fitness, and negligence in the installation of a
railroad and truck scale. Colt brought a third-party complaint
against John M. Machala, individually, and doing business as
Tri-State Scale Installation Company, as the actual installer of
the scale. Defendant Colt moved for accelerated judgment as
against plaintiff, which motion was granted, Bay Circuit Court,
Ira W. Butterfield, J. Plaintiff appeals. *Held:*

1. The trial court properly found that the contract for sale
and installation of the scale contained no explicit warranty
which extended to the future performance of the goods.

2. The trial court erred in granting defendant Colt's motion
for accelerated judgment as to plaintiff's breach of warranty
claims based on the period for limitation of actions provided in
the Uniform Commercial Code for a breach of contract for the
sale of goods. The claim of breach pertained to the services
rendered pursuant to the contract. The contract was divisible
as to the sale of the goods and the rendition of services. The
period of limitation of such actions is provided in the Revised
Judicature Act, which period had not yet run.

3. The trial court properly held that the period of limitation
for the negligence action had run.

4. The trial court properly held that plaintiff's allegations of
fraud were insufficient. Plaintiff may amend its pleadings on
remand to allege fraud with sufficient particularity.

Affirmed in part, reversed in part, and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 470.
[2-4] 51 Am Jur 2d, Limitation of Actions § 126.
    67 Am Jur 2d, Sales §§ 536, 539.
[4] 67 Am Jur 2d, Sales § 33.
[5] 51 Am Jur 2d, Limitation of Actions § 136.

1. Limitation of Actions — Accelerated Judgment — Motions — Court Rules.

A trial court in deciding a motion for accelerated judgment on the grounds that the period of limitation for the action before it has run must accept all well-pleaded allegations and reasonable conclusions therefrom as true (GCR 1963, 116.1[5]).

2. Sales — Uniform Commercial Code — Actions — Warranties — Statutes.

A cause of action for a breach of a contract for the sale of goods accrues when the breach occurs, regardless of the aggrieved party's knowledge of the breach, except where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of the performance in which case the cause of action accrues when the breach is or should have been discovered (MCL 440.2725[2]; MSA 19.2725[2]).

3. Actions — Breach of Warranty — Accrual of Claims — Statutes.

A cause of action based on a breach of a warranty of quality or fitness accrues at the time the breach is discovered or reasonably should be discovered (MCL 600.5833; MSA 27A.5833).

4. Limitation of Actions — Warranties — Contracts for Services — Uniform Commercial Code — Revised Judicature Act — Statutes.

An action for breach of an implied warranty of quality or fitness of services rendered pursuant to provisions contained in a contract for the sale and installation of goods is not governed by the period of limitation of actions for breach of a contract for the sale of goods provided in the Uniform Commercial Code where the contract is divisible and separately prices the goods and the services and the claim is based entirely on the rendition of the services; the proper period of limitation of actions is provided in the Revised Judicature Act (MCL 440.2725[1], 600.5807[8]; MSA 19.2725[1], 27A.5807[8]).

5. Limitation of Actions — Negligence — Statutes.

A cause of action for negligence accrues at the time the wrong upon which the claim is based occurred regardless of when the damage results and the period of limitation of such actions begins to run upon accrual (MCL 600.5805[8], 600.5827; MSA 27A.5805[8], 27A.5827).

*Isackson, Neering & Quinn, P.C. (by Larry E. Kivela),* for plaintiff.

*Smith & Brooker, P.C.,* and *Fischer, Franklin, Ford, Simon & Hogg* (of counsel), for defendant Colt Industries.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

ALLEN, J. On September 3, 1980, Bay County Circuit Court entered an opinion granting defendant Colt Industries Operating Corporation's (hereinafter defendant) motion for accelerated judgment based upon the running of the four-year statute of limitations as provided in the Uniform Commercial Code, MCL 440.2725; MSA 19.2725. Plaintiff appeals as of right.

Plaintiff, an industrial scrap metal processor, contracted with defendant scale manufacturer to purchase a large in-ground railroad and truck scale in 1971. The contract with defendant priced the scale at $16,525 and also contained a price of $12,242 for the installation of the scale. The total price of the contract was $28,767. The scale was built by defendant which subcontracted the installation to Tri-State Scale Installation Company, the third-party defendant. Installation was completed in April, 1972.

Shortly after the installation of the scale, plaintiff discovered cracks in the surface of the concrete pit which housed the scale. Plaintiff wrote defendant concerning these cracks but was assured the cracks were insignificant. Final payment on the scale was made on July 27, 1972. Over the next six years plaintiff made several calls to defendant reporting that the scale was not weighing accurately. Each time defendant adjusted the scale to plaintiff's satisfaction. When, in 1978, plaintiff was advised by railroad inspectors that the scale was not weighing properly, defendant investigated and

discovered that one of the weight-bearing concrete piers in the scale floor had given way. Plaintiff then contacted engineers from one of defendant's competitors who suggested that the initial scale flooring might well be inadequate but that excavation of the scale would be necessary to inspect the scale floor properly. Excavation occurred September 26, 1978, and, as suspected, the concrete pit floor was found to be inadequate. Specifications called for a floor 24 inches thick, but it had been built with only 10 inches of concrete, thus causing collapse of one of the weight-bearing piers. On June 1, 1979, some seven years and two months after the scale's installation, plaintiff filed its bill of complaint.

Plaintiff's complaint proceeds on three theories: breach of express warranty, breach of implied warranty, and negligence. All alleged defects relate to the manner in which the scale was installed. There is no claim that the scale itself was defective. For purposes of defendant's motion for accelerated judgment, GCR 1963, 116.1(5), the court must accept all well-pled allegations and reasonable conclusions therefrom as true. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972), *Bielski v Wolverine Ins Co,* 379 Mich 280; 150 NW2d 788 (1967).

The primary issue before this Court is whether this action is controlled by the Revised Judicature Act, MCL 600.5833; MSA 27A.5833 (hereinafter RJA), or by the Uniform Commercial Code, MCL 440.2725; MSA 19.2725 (hereinafter UCC). The UCC has a four-year statute of limitations in an action for breach of any contract for sale. In the absence of a specific warranty pertaining to future performance of the goods sold, a UCC cause of

action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. "A breach of warranty occurs when tender of delivery is made, except that where a warrant explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." MCL 440.2725(2); MSA 19.2725(2). The RJA has a six-year statute of limitations in an action for breach of contract. MCL 600.5807(8); MSA 27A.5807(8). Importantly, however, "In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered." MCL 600.5833; MSA 27A.5833.

Defendant contends that the contract between the parties is basically a contract governing the sale of goods subject to the provisions of the UCC, but, if the contract is found to be a contract governing services subject to the RJA six-year period of limitations, the six-year period commenced to run in April, 1972, when plaintiff first noticed cracks in the concrete surface of the pit. Plaintiff argues that the defect is not in the goods sold but in the installation and as such is a service contract governed by the six-year period of limitations. Plaintiff further argues that since neither the pit nor subsurface portion of the scale could be inspected without excavation and since defendant assured plaintiff there was nothing wrong with the pit, the six-year period did not commence to run until September 26, 1978, when excavation was made and the defect was discovered.

The trial court was correct in finding that there is no warranty in the present case which explicitly

extended to future performance of the goods. *Centennial Ins Co v General Electric Co,* 74 Mich App 169; 253 NW2d 696 (1977), *Standard Alliance Industries, Inc v Black Clawson Co,* 587 F2d 813 (CA 6, 1978). Thus, if this action is controlled by the UCC, the statute of limitations commenced to run in April of 1972, when tender of delivery of the scale was made, and the present action would be barred by the running of the four years. However, if the action is controlled by the RJA, a question of fact arises as to when the breach of warranty was discovered or reasonably should have been discovered. Therefore, since there would be a question of fact as to when the cause of action accrued, accelerated judgment based upon the running of the six-year statute of limitations would be improper.

While the question of which period of limitations should control is of first impression in Michigan,[1] the issue has been addressed in other jurisdictions. A substantially similar case is *Dixie Lime & Stone Co v Wiggins Scale Co,* 144 Ga App 145; 240 SE2d 323 (1977). In *Dixie,* as in the present case, the defendant sold the plaintiff a large in-ground scale. The contract between Dixie and Wiggins, like the contract betwen Hirschfield and Colt, contained separate provisions for the sale of the scale and the installation of the scale. Dixie claimed the installation of the scale to be defective. The *Dixie* court held: "There is no claim that

---

[1] But *cf. Lorenz Supply Co v American Standard, Inc,* 100 Mich App 600, 606-608; 300 NW2d 335 (1980), where a distributorship of defendant's products agreement was held not to be a sale of goods coming within the provisions of the Uniform Commercial Code. In *Southgate Community School Dist v West Side Construction Co,* 399 Mich 72, 78; 247 NW2d 884 (1976), *rev'g* 63 Mich App 634; 234 NW2d 738 (1975), the four-year period of limitations of the UCC was held to not apply to a products liability action between a manufacturer of an alleged defective product and a consumer.

the scale itself is defective. The agreement underlying this suit was one for the furnishing of services and labor, and the UCC is clearly inapplicable." *Id.*, 324. This is precisely the situation in the present case.

We find the *Dixie* rationale persuasive. In accord, see *Stephenson v Frazier*, — Ind App —; 399 NE2d 794 (1980). In *Stephenson,* the plaintiffs bought a modular home from the defendants. The total contract price included the installation of a septic system and construction of a foundation. It was argued that the UCC should govern the entire action. The UCC defines "goods" as:

"[A]ll things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (article 8) and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (section 2107)." MCL 440.2105(1); MSA 19.2105(1).

The *Stephenson* Court held that while the sale of the modular home was covered by the UCC,

"[t]he part of the contract relating to the construction of the foundation and installation of the septic system, however, does not fall within the definition of 'goods.' These contractual provisions were for the performance of services and thus the issues pertaining to them must be determined by common law contract principles." *Id.,* 797.

While respected counsel for defendant acknowledges the validity of *Dixie* and *Stephenson,* counsel maintains that the majority rule requires the court to determine whether the contract is pre-

dominately for the sale of services or predominately for the sale of goods and to apply the UCC to the entire contract if the contract is predominately for the sale of goods. *Bonebrake v Cox,* 499 F2d 951 (CA 8, 1974), *Triangle Underwriters, Inc v Honeywell, Inc,* 604 F2d 737 (CA 2, 1979), *Aluminum Company of America v Electro Flo Corp,* 451 F2d 1115; 10 UCC Rep 88 (CA 10, 1971). However, the contracts in *Bonebrake, Triangle* and *Electro Flo* contained only a single, total price which covered both the sale and installation of goods. In addition, the parties in these cases claimed breach of contract relying largely, if not exclusively, on defects in the goods purchased. These cases are distinguishable from the present case in which the contract contains a separate price for installation and plaintiff's claim relates exclusively to defendant's improper installation.

We hold that the trial court erred in applying the UCC to plaintiff's claim against defendant. We limit our holding to the narrow facts of the present case and do not comment on the rule expressed in *Bonebrake* involving mixed goods-service contracts and a single total contract price. Again, the divisibility of the contract in the present case is significant because plaintiff's claim is based entirely on deficiencies in the rendition of services for which the contract contained a separate price rather than on any defect in the goods themselves.

Having determined that the UCC does not apply and that the RJA six-year statute of limitations applies, we again note that plaintiff's cause of action accrued when the breach of warranty was discovered or reasonably should have been discovered. MCL 600.5833; MSA 27A.5833. Accepting plaintiff's allegations as true, *Crowther, supra,* we

find that, for purposes of defendant's motion for accelerated judgment, plaintiff's cause of action would accrue on September 26, 1978, the date which plaintiff alleges the deficiency in installation could have been and reasonably was discovered. As such, accelerated judgment was improper as to Counts I and II involving breach of warranties.[2] At the trial on the merits, both plaintiff and defendant may present proofs as to when the alleged breach of warranty in fact was or reasonably should have been discovered. We cannot intimate what these proofs may be or what result they will dictate. It may well be that upon trial on the merits the proofs might disclose that even though the subsurface parts of the scale were buried in the pit, excavation reasonably should have been undertaken by plaintiff sometime prior to June 1, 1973. If so, plaintiff's action, filed June 1, 1979, would be barred by the six-year period of limitations.

Count III of plaintiff's complaint states a cause of action alleging negligence. The statute of limitations for negligence actions is three years. MCL 600.5805(8); MSA 27A.5805(8). A cause of action sounding in negligence "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827; MSA 27A.5827. The trial court properly found that the negligence claim accrued when the defective installation occurred. Thus, the trial court was correct in concluding that with respect to Count III the statute of limitations had run and

---

[2] See also GCR 1963, 116.3 which requires, when the statute of limitations is raised as a defense, that the trial court postpone any hearing on the motion for accelerated judgment, if there is any disputed issue of fact and there has been a jury demand, until after the trial on the merits. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 324.

that defendant's motion for accelerated judgment should be granted.

Lastly, plaintiff has claimed during trial and on appeal that the Michigan fraudulent concealment act, MCL 600.5855; MSA 27A.5855, is applicable to the present case. However, plaintiff has acknowledged that the fraud allegations in its complaint may be insufficient, as was found by the trial court. We do not find the trial court's holding to be erroneous. This in no way affects plaintiff's ability to move in the lower court to amend its pleadings to allege fraud with sufficient particularity.

The trial court's grant of accelerated judgment as to Count III and the trial court's ruling that plaintiff's allegations of fraud were insufficient are affirmed. The trial court's grant of accelerated judgment as to Counts I and II is reversed.

Affirmed in part, reversed in part and remanded in accordance with this opinion. No costs, neither party having prevailed in full.