### FILCEK v UTICA BUILDING COMPANY

Docket No. 58064. Submitted June 8, 1982, at Lansing.—Decided January 3, 1984.

Plaintiffs, Rodney and Patrice Filcek, purchased a house in 1977 which had been constructed in 1966 by defendant, Utica Building Company. Plaintiffs discovered defects in the house which they attributed to defendant and brought an action in district court alleging negligent construction and breach of an implied warranty of habitability. The district court granted the defendant accelerated judgment on the negligence count on the basis of the statute of limitations and summary judgment on the breach of warranty count. Plaintiffs appealed the accelerated judgment to the Washtenaw Circuit Court, which affirmed, William F. Ager, Jr., J. Plaintiffs appealed by leave granted. *Held:*

The limitation period for a negligence claim begins to run when the claim accrues. A claim accrues when all of the elements of the cause of action have occurred and can be pled in a proper complaint. Where an element, such as damages, has occurred but is not discoverable, the claim has not accrued. The claim accrues, and the limitation period begins to run, when the damages are, or with reasonable diligence should be, discovered. The determination of when the plaintiffs' claim accrued is for the trier of fact, and accelerated judgment was improper.

Reversed and remanded.

P. R. JOSLYN, J., dissented. He would hold that, pursuant to statute, a claim such as the one herein accrues when the wrong is done, regardless of the time when damage results, and that the plaintiffs' claim was therefore barred by the statute of limitations. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 135.

[2] 13 Am Jur 2d, Building and Construction Contracts §§ 27, 138.

[3] 13 Am Jur 2d, Building and Construction Contracts § 114.

What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.

OPINION OF THE COURT

1. TORTS — LIMITATION OF ACTIONS — ACCRUAL OF CLAIM.

The limitation period on a cause of action in tort does not begin to run until all of the elements of the cause of action have occurred and can be pled in a proper complaint; thus, where an element of the cause of action, such as damages, has occurred but cannot be discovered until sometime after it has occurred, the period of limitation begins to run at such time as that element is, or with reasonable diligence should be, discovered (MCL 600.5827; MSA 27A.5827).

2. TORTS — NEGLIGENCE — CONSTRUCTION OF BUILDING — ELEMENTS OF CLAIM.

The elements of a cause of action for negligent construction of a building are: (1) the existence of a duty owed by the builder to the owner or to any of the owner's predecessors-in-interest, (2) to exercise due care in the construction, and (3) a breach of that duty which (4) proximately caused (5) damages to the owner or any of the owner's predecessors-in-interest.

DISSENT BY P. R. JOSLYN, J.

3. TORTS — LIMITATION OF ACTIONS — ACCRUAL OF CLAIM.

*The period of limitation for an action for the negligent construction of a building is three years; such a cause of action accrues not when the damage is discovered but at the time when the wrong upon which the claim is based was done regardless of the time when the damage results (MCL 600.5805[8], 600.5827; MSA 27A.5805[8], 27A.5827).*

*Roesch, Schaberg & Baker* (by *Basil A. Baker*), for plaintiffs.

*Terry J. Nosan,* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. In 1966, defendant constructed a house. Plaintiffs became remote purchasers of that house in July, 1977, *i.e.,* there were at least two previous owners. Shortly after their purchase,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs discovered defects in the house which they attributed to defendant. On March 20, 1979, plaintiffs filed a two-count complaint against defendant in district court, alleging negligent construction (Count I) and breach of an implied warranty of habitability (Count II). On defendant's motions, the trial court granted accelerated judgment based on expiration of the applicable statute of limitations, pursuant to GCR 1963, 116.1(5), on Count I and summary judgment, pursuant to GCR 1963, 117.2(1), on Count II. Plaintiffs took an appeal as of right to the circuit court, challenging only the entry of accelerated judgment as to Count I. The circuit court affirmed and this Court granted leave to appeal.

The trial court erred by granting accelerated judgment in favor of defendant. Plaintiffs' tort claim for negligent construction is a viable one. The statute involved in this case, MCL 600.5827; MSA 27A.5827, was enacted as part of the Revised Judicature Act. 1961 PA 236.

"Sec. 5827. Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

At first glance, it appears that, pursuant to the foregoing statute, the wrong occurred when the house was built in 1966 and that the damage did not result, at the earliest, until plaintiffs purchased the house in 1977. Thus, it would seem that plaintiffs' claim is time-barred.

However, the Supreme Court has interpreted § 5827 as stating that a claim does not accrue until

one is injured, not when the wrong is committed. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972). Also, *Williams v Polgar,* 391 Mich 6, 23-25; 215 NW2d 149 (1974). In other words, the limitation period does not begin to run until all of the elements of the cause of action have occurred and can be alleged in a proper complaint. Where an element of the cause of action, such as damages, has occurred but cannot be pled in a proper complaint because it is not, with reasonable diligence, discoverable until sometime after it has occurred, both this Court and the Supreme Court have applied a discovery rule of accrual. Thus, in *Williams,* the Supreme Court concluded that the plaintiff's claim did not accrue until plaintiff knew or should have known of the defendant's negligent misrepresentation. This Court has similarly ruled in *Bonney v Upjohn Co,* 129 Mich App 18; 342 NW2d 551 (1983), that the plaintiffs' products liability claim for personal injuries against a drug company did not accrue until plaintiffs discovered or should have discovered that they had a cause of action. The discovery rule of accrual has also been applied in cases involving property damage as opposed to personal injury, where it has been held that the element of damage does not occur until the damage was either discovered or should have been discovered through the exercise of reasonable diligence. *Southgate Community School Dist v West Side Construction Co,* 399 Mich 72, 82; 247 NW2d 884 (1976), *reh den* 400 Mich 951 (1977); *Bluemlein v Szepanski,* 101 Mich App 184, 190; 300 NW2d 493 (1980), *lv den* 411 Mich 995 (1981).

In this case, plaintiffs allege negligent construction. The elements of that action are: (1) the existence of a duty owed by defendant to plaintiffs

or to any of plaintiffs' predecessors-in-interest, (2) to exercise due care in the construction of a building, and (3) a breach of that duty which (4) proximately caused (5) damages to plaintiffs or to any of plaintiffs' predecessors-in-interest. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977); *Baranowski v Strating,* 72 Mich App 548, 556, 250 NW2d 744 (1976), *lv den* 399 Mich 881 (1977).

Since the final element to have occurred in this case was the property damage and since such damage is not always discoverable at the time it first occurs, the three-year limitation period began to run when that property damage was or with reasonable diligence should have been discovered. For example, if the damage was not discovered and could not reasonably have been discovered until after plaintiffs took possession of the house, then the three-year period of limitations began running at that time and plaintiffs' action is not barred. On the other hand, if the damage was or with reasonable diligence should have been discovered prior to March 20, 1976, and plaintiffs' predecessors-in-interest simply failed to institute any legal action against defendant, then plaintiffs' cause of action is barred by the three-year statute of limitations. However, in both cases, the determination of when the limitations period commenced is for the trier of fact. *Bonney, supra.*

Reversed and remanded for further proceedings.

P. R. JOSLYN, J. *(dissenting).* I respectfully dissent. The Legislature has the power to limit the period in which a cause of action may be brought. The Legislature has determined that the proper period in this case is three years. MCL 600.5805(8); MSA 27A.5805(8). The Legislature has further expressly provided the time at which a cause of action begins. A cause of action for negligent

construction does not accrue when it is discovered
by incurring a debt for repairs. A cause of action
for negligent construction accrues "at the time the
wrong upon which the claim is based was done
regardless of the time when damage results". MCL
600.5827; MSA 27A.5827.

Plaintiffs claim damages as a result of the negli-
gent construction of the footings to the house they
purchased in 1977. The claimed negligence is the
pouring or installation of the footings, apparently
underneath the fireplace and chimney. Plaintiffs
allege that the footings were only 24″ below grade
and should have been installed at 48″ below grade,
and that as a result of the defendant's negligent
installation of the footings in 1966 the fireplace
and chimney have been replaced and other dam-
age to the dwelling has occurred and may continue
into the future.

The trial court granted defendant's motion for
accelerated judgment holding that the action was
time barred and that the cause of action accrued
when the footings were installed. The circuit court
affirmed. It is my opinion that the granting of the
motion for accelerated judgment was correct and
should be affirmed.

The purpose of legislation rendering stale claims
unenforceable is to protect the fact-finding process
from risk of error in making decisions on the
merits. Faulty decisions occur from the difficulty of
obtaining reliable evidence of events and circum-
stances which prevailed in the remote past. Deci-
sions which are based upon stale claims will result
in the reduction of the validity of the result. Facts
presented from more recent transactions are gen-
erally more reliable than facts presented from
more remote times. The two opinions that hold
that a cause of action accrues when damage re-

sults or when all the elements of a cause of action exist or when the injury or damages are discovered or could be discovered do nothing to control the floodgates of the ever-increasing flow to the over-saturated fact-finding process. There are many other policy considerations for controlling access to the courts of this state.

No one suffered any injury to their person on this claim, therefore, *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972), does not apply. It is easy to see that a cause of action could be pled and filed by any interested party the day the forms were removed from the footings. A more correct interpretation of the statute on an injury to property is reflected in *Cree Coaches, Inc v Panel Suppliers, Inc,* 23 Mich App 67; 178 NW2d 101 (1970), and *H Hirschfield Sons Co v Colt Industries Operating Corp,* 107 Mich App 720; 309 NW2d 714 (1981).