## CONAHAN v FISHER

Docket No. 115221. Submitted May 3, 1990, at Lansing. Decided June 8, 1990.

Hugh J. and Patricia Conahan brought an action in the Livingston Circuit Court, seeking damages for termite infestation repairs to a house they purchased "as is." Named as defendants were the sellers, Duard B. and Dorothy Fisher, and Preview Properties, Inc., and real estate agents Michael C. Scholtz and Carol Stanley. The trial court, Daniel A. Burress, J., granted the defendants' motions for summary disposition. The plaintiffs appealed alleging that the trial court erred in granting summary disposition for the sellers because there were disputed issues of material fact regarding the sellers' knowledge of the termite problem and because the sellers had a duty to tell the plaintiffs of a previous termite problem.

The Court of Appeals *held:*

The termite condition was not concealed. The defendants had no duty to disclose the termite problem and the trial court properly granted summary disposition for the defendants.

Affirmed.

1. Sales — "As Is" Contracts — Concealed Defects.

A buyer generally bears the risk of loss under an "as is" contract unless the seller fails to disclose known, concealed defects.

2. Vendor and Purchaser — Land Sales — Concealed Defects — Unreasonable Danger.

A vendor is not liable for any harm caused by defects existing at the time of a sale; however, a vendor has a duty to disclose to a purchaser any known, concealed condition which involves an unreasonable danger.

References

Am Jur 2d, Vendor and Purchaser §§ 329, 331, 332.

Duty of vendor of real estate to give purchaser information as to termite infestation. 22 ALR3d 972.

Construction and effect of provision in contract for sale of realty by which purchaser agrees to take property "as is" or in the condition in which it is. 97 ALR2d 849.

*R. Reid Krinock,* for Hugh and Patricia Conahan.

*Lavan & Hegarty* (by *Calvin Gatesman*), for Duard and Dorothy Fisher.

*William M. Schlecte & Associates, P.C.* (by *William M. Schlecte*), for Preview Properties, Inc., Michael Scholtz and Carol Stanley.

Before: GILLIS, P.J., and BRENNAN and REILLY, JJ.

PER CURIAM. Plaintiffs appeal as of right the January 31, 1989, order granting defendants' motions for summary disposition. We affirm. Plaintiffs sought damages for termite infestation repairs to the house they purchased "as is" from defendants Dorothy and Duard Fisher. Plaintiffs alleged that the sellers should have warned them of the termite problem either directly or through their real estate agents, defendants Carol Stanley and Michael C. Scholtz of defendant Preview Properties, Inc.

Plaintiffs argue that the trial court erred in granting summary disposition to the sellers since there were disputed issues of material fact as to the sellers' knowledge of the termite problem and because the sellers had a duty to tell plaintiffs of a previous termite problem.

Generally, the buyer bears the risk of loss under an "as is" contract unless the seller fails to disclose concealed defects known to him. *Farm Bureau Mutual Ins Co v Wood,* 165 Mich App 9, 16; 418 NW2d 408 (1987). Caveat emptor prevails in land sales, and the vendor, with two exceptions, is not liable for any harm due to defects existing at the time of sale. *Id.* The first exception, which is arguably applicable, is that the vendor has a duty

to disclose to the purchaser any concealed condition known to him which involves an unreasonable danger. *Id.*

Here, the purchasers viewed the house themselves and had a professional inspection of the house performed which revealed no termite infestation. However, in a letter attached to plaintiffs' response to defendants' motion for summary disposition, plaintiffs' termite expert stated that "a competent inspector qualified to make recommendations regarding structural soundness for residences should reasonably have been expected to have discovered evidence of active termites in that home . . . ." Thus, the condition was not concealed. It was on this basis that the trial court granted summary disposition and we agree. Plaintiffs' claim did not fall within the exception to the caveat emptor rule since the defect was not concealed. Therefore, we find defendants had no duty to disclose the termite problem and the trial court properly granted summary disposition to defendants pursuant to MCR 2.116(C)(10). *Gruett v Total Petroleum, Inc,* 182 Mich App 301, 304-305; 451 NW2d 608 (1990).

Affirmed.