McCANN v BRODY-BUILT CONSTRUCTION COMPANY, INC

Docket No. 129837. Submitted April 23, 1992, at Detroit. Decided December 21, 1992, at 9:30 A.M. Leave to appeal sought.

Stuart F. and Bonita McCann brought an action in the Oakland Circuit Court against Brody-Built Construction Company, Inc., alleging negligence and breach of warranty, and seeking damages for alleged structural defects in a house built by the defendant and purchased by the plaintiffs from Janet Brody in August 1985. The trial court, Francis X. O'Brien, J., granted the defendant summary disposition with respect to the negligence claim on the basis that because the house had been built in 1977 or 1978 and the action was not filed until May 27, 1988, the claim was not timely, and with respect to the breach of warranty claim on the basis that any warranty of fitness extended only to the initial purchaser. The plaintiffs appealed.

The Court of Appeals *held:*

1. The date the applicable three-year period of limitation commences to run with respect to a claim of negligent construction of a house is the date the homeowner discovers or should have discovered the defect. Accordingly, the statutory period would begin to run on the date the plaintiffs or their predecessor in title, Janet Brody, discovered or should have discovered the alleged defects. On remand, the court should determine whether Janet Brody knew or should have known of the defective condition before May 27, 1985.

2. The trial court properly dismissed the warranty claim, because any implied warranty of fitness made by a builder of a house extends only to the initial purchaser.

Affirmed in part, reversed in part, and remanded.

GRIFFIN, J., dissenting in part, stated that the result reached

REFERENCES

Am Jur 2d, Limitation of Actions §§ 109 *et seq.*; Sales § 766; Vendor and Purchaser § 335.

Statutes of limitation: actions by purchasers or contractees against vendors or contractors involving defects in houses or other buildings caused by soil instability. 12 ALR4th 866.

What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.

by the trial court should be affirmed on the basis that the negligence claim is barred by the economic-loss doctrine, which is applicable to sales of real property as well as sales of goods. Further, the negligence claim was not timely under the provisions of the amended statute of limitations applicable to contractors, the statute being applicable under these circumstances.

1. Torts — Limitation of Actions — Accrual of Claim.

The period of limitation for an action for the negligent construction of a building is three years; such an action accrues when an owner or a predecessor in interest discovers or should have discovered the defect (MCL 600.5805[8], 600.5827; MSA 27A.5805[8], 27A.5827).

2. Contracts — Sales — Houses — Implied Warranties.

Any implied warranty of fitness and habitability arising out of the sale of a new home by its builder extends only to the initial purchaser of the home.

*Eric J. McCann, P.C.* (by *Eric J. McCann*), for the plaintiffs.

*Carson Fisher Potts & Hyman* (by *H. Joel Newman*), for the defendant.

Before: Jansen, P.J., and Michael J. Kelly and Griffin, JJ.

Michael J. Kelly, J. In this negligence and breach of warranty action arising out of the sale of a used home, plaintiffs appeal as of right from an order of the circuit court granting defendant's motion for summary disposition. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

In August 1985, plaintiffs purchased a house from Janet Brody. The house had been built in 1977 or 1978 by defendant, Brody-Built Construction Company, Inc. Originally, the house was occupied by Morton Brody, a principal in defendant company, and his wife, Janet Brody. The Brodys

were divorced in 1984, and, pursuant to the judgment of divorce, Janet Brody was awarded the residence. Morton and Janet Brody were named as defendants in the original complaint but, following the stipulated dismissal with prejudice of Morton Brody and the dismissal without prejudice of Brody-Built Construction, neither of the Brodys was named in the new complaint that led to this appeal.

Shortly after purchasing the house, plaintiffs began to notice structural defects. On May 27, 1988, plaintiffs filed this action, alleging negligent construction and breach of warranty. Subsequently, defendant moved for summary disposition. The court, finding that plaintiffs' negligence claim was barred by the applicable statute of limitations and that the warranty claim could not be pursued because it did not arise out of the sale of a new home, dismissed plaintiffs' complaint.

Plaintiffs first argue that the trial court erred in dismissing their negligence claim on the ground of the statute of limitations. We agree.

Both parties rely on this Court's decision in *Filcek v Utica Building Co,* 131 Mich App 396; 345 NW2d 707 (1984). Plaintiffs argue that the trial court should have evaluated the statute of limitations defense under the *Filcek* "discovery rule." Defendant argues that plaintiffs' negligence claim is barred under the *Filcek* discovery rule, because the alleged defects were, or should have been, discovered before May 27, 1985, three years before the action originally was filed. The trial court failed to apply the *Filcek* decision in this case. Instead, the trial court, relying on *H Hirschfield Sons, Co v Colt Industries Operating Corp,* 107 Mich App 720; 309 NW2d 714 (1981), determined that because plaintiffs' complaint had not been filed within three years of the date the negligence

occurred, the house having been built in 1977 or 1978 and this action not having been filed until 1988, plaintiffs' action was time-barred. We believe the trial court failed to apply the appropriate law in this case, and we remand for a determination, under the principles of *Filcek,* whether plaintiffs' negligence claim was barred by the applicable statute of limitations.

The statute of limitations for negligence actions is three years. MCL 600.5805(8); MSA 27A.5805(8). MCL 600.5827; MSA 27A.5827 provides that a cause of action sounding in negligence "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." However, § 5827 has been interpreted as meaning that a claim accrues when one is injured, not when the wrong is committed:

> [T]he limitation period does not begin to run until all of the elements of the cause of action have occurred and can be alleged in a proper complaint. Where an element of the cause of action, such as damages, has occurred but cannot be pled in a proper complaint because it is not, with reasonable diligence, discoverable until sometime after it has occurred, both this Court and the Supreme Court have applied a discovery rule of accrual. Thus, in *Williams* [*v Polgar,* 391 Mich 6, 23-25; 215 NW2d 149 (1974)], the Supreme Court concluded that the plaintiff's claim did not accrue until plaintiff knew or should have known of the defendant's negligent misrepresentation. [*Filcek, supra* at 399.]

See also *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972). Under *Filcek,* the statutory period applies to both present and prior owners. In other words, the statutory period begins to run when an owner or a predecessor in interest discovered or

should have discovered the defect. Applying that rule to this case, if Janet Brody knew or should have known of the defective condition of the house before May 27, 1985, plaintiffs' action, which was filed on May 27, 1988, would be barred by the three-year period of limitation. However, if Janet Brody did not know or should not have known of the defects, plaintiffs' action was timely, plaintiffs having purchased the house in August 1985 and having filed this action in May 1988.

We hold that the trial court erred in failing to evaluate this issue in light of the principles set forth in *Filcek*. Therefore, we remand this matter for a determination whether Janet Brody knew or should have known of the defective condition of the house. Our remand is without prejudice to the trial court entertaining a new motion for summary disposition on the ground of the statute of limitations. If such a motion is brought, the trial court shall base its decision on the principles set forth in *Filcek*.

Plaintiffs next argue that the trial court erred in dismissing their claim of breach of an implied warranty of fitness and habitability. We disagree. Such warranties run only to the first purchaser of a home. *Weeks v Slavic Builders, Inc,* 24 Mich App 621; 180 NW2d 503 (1970), aff'd 384 Mich 257; 181 NW2d 271 (1970). Plaintiffs were not the first purchasers of the house in question. Therefore, summary disposition of this claim was proper.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed.

JANSEN, P.J., concurred.

GRIFFIN, J. *(concurring in part and dissenting in*

*part).* On appeal, plaintiffs raise three issues. In their first and third issues, plaintiffs contend that summary disposition of their negligence claim was improper. They contend that questions of fact exist and that, contrary to the trial court's conclusion, the period of limitation has not run. The merits of these claims need not be addressed. It is well settled that reversal is not required where a trial court reaches the right result but for the wrong reason. *Reisman v Regents of Wayne State University,* 188 Mich App 526, 530; 470 NW2d 678 (1991). Here, plaintiffs' negligence cause of action is barred by the economic-loss doctrine, which precludes them from recovering in tort where their losses are wholly economic, even in the absence of privity. *Sullivan Industries, Inc v Double Seal Glass Co, Inc,* 192 Mich App 333, 339-344; 480 NW2d 623 (1991). Also see *Neibarger v Universal Cooperatives, Inc,* 439 Mich 512; 486 NW2d 612 (1992).

I acknowledge that, unlike *Sullivan* and *Neibarger,* the present case does not involve the sale of goods and is therefore not governed by the provisions of the Uniform Commercial Code. Nonetheless, the rationale behind the economic-loss doctrine still applies. Indeed, several courts have held that the economic-loss doctrine precludes a purchaser of a building from recovering in negligence against a builder where the purchaser's losses are wholly economic. See, e.g., *Ellis v Robert C Morris, Inc,* 128 NH 358; 513 A2d 951 (1986), overruled in part on other grounds in *Lempke v Dagenais,* 130 NH 782; 547 A2d 290 (1988); *Tusch Enterprises v Coffin,* 113 Idaho 37; 740 P2d 1022 (1987); *Nastri v Wood Bros Homes, Inc,* 142 Ariz App 439; 690 P2d 158 (1984); *Redarowicz v Ohlendorf,* 92 Ill 2d 171; 441 NE2d 324 (1982); *Crowder v Vandendeale,* 564 SW2d 879 (Mo, 1978), overruled in part on other

grounds in *Sharp Bros Contracting Co v American
Hoist & Derrick Co,* 703 SW2d 901 (Mo, 1986). Cf.
*Cosmopolitan Homes, Inc v Weller,* 663 P2d 1041
(Colo, 1983).

As discussed at length in *Sullivan,* tort law is
concerned with the "accident problem"; it is de-
signed to protect against harm to persons or prop-
erty. *Sullivan, supra* at 343. Consequently, when a
party suffers only an economic loss in the context
of a commercial transaction, tort law concerns are
not implicated. *Id.* at 344. As noted in *Sullivan,*
who will bear the risk of economic loss in commer-
cial transactions is part of the bargaining process.
*Id.* at 343.

The same holds true with regard to the sale of
real estate, which has a separate framework for
dealing with the risk of loss. The doctrine of
caveat emptor prevails in land sales, *Conahan v
Fisher,* 186 Mich App 48, 49; 463 NW2d 118 (1990),
and here it is undisputed that plaintiffs bought the
property "as is." Under such a contract, the buyer
bears the risk of loss unless the seller fails to
disclose a concealed condition known to him that
involved an unreasonable danger. *Id.* Plaintiffs
apparently cannot avail themselves of this excep-
tion or have simply chosen not to pursue such a
claim against Mrs. Brody. In any case, plaintiffs
cannot recover in negligence against Brody-Built
for losses that are solely economic.

If negligence were a viable cause of action under
these circumstances, I would resolve the conflict
between *H Hirschfield Sons, Co v Colt Industries
Operating Corp,* 107 Mich App 720; 309 NW2d 714
(1981), and *Filcek v Utica Building Co,* 131 Mich
App 396; 345 NW2d 707 (1984),[1] by applying the
statute passed by the Legislature in response to

[1] The panel in *Filcek* made no mention of the economic-loss doc-
trine, and nothing in the opinion indicates that it was ever raised. In

*Filcek.* 1985 PA 188, effective March 31, 1986, amended MCL 600.5839(1); MSA 27A.5839(1) so that it now provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

In light of *Beauregard-Bezou v Pierce,* 194 Mich App 388; 487 NW2d 792 (1992), and pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv and Administrative Order No. 1991-11, 439 Mich cxliv, we would be compelled to apply the statute if negligence were a cause of action under these circumstances.

In their second issue, plaintiffs argue that it was error for the trial court to dismiss their claim for breach of an implied warranty. Plaintiffs submit

contrast, defendant herein raised the issue both in the court below and in its brief on appeal.

that under Michigan law such warranties should and do extend to purchasers of used homes. Like the majority, I disagree. The trial court properly followed *Weeks v Slavik Builders, Inc,* 24 Mich App 621, 627; 180 NW2d 503 (1970), aff'd 384 Mich 257; 181 NW2d 271 (1970), in which this Court expressly limited such warranties to the purchases of new homes. Acknowledging the limited nature of the *Weeks* holding, subsequent panels of this Court have refused to apply it in other contexts. See *Clancy v Oak Park Village Athletic Center,* 140 Mich App 304, 306; 364 NW2d 312 (1985); *Bennett v Columbus Land Co,* 70 Mich App 403, 405; 246 NW2d 8 (1976). I join with the majority in holding that implied warranties do not extend to the sale of used homes.

I would affirm.