TRAVELERS INSURANCE COMPANY v GUARDIAN ALARM CO OF
MICHIGAN

Docket No. 201827. Submitted June 2, 1998, at Lansing. Decided September 4, 1998, at 9:05 A.M.

Travelers Insurance Company, as subrogee of Troy Corporate Services, brought negligence actions in the Wayne Circuit Court against Guardian Alarm Co. of Michigan and Barnard and Johnson Electric, Inc., after a fire damaged Troy's premises. Guardian had installed a fire alarm system at the premises, and Barnard and Johnson had removed a twelve-circuit panel box, installed a forty-two-circuit panel box and a transformer at the premises and later added additional circuits and a twelve-circuit panel that fed off the forty-two-circuit panel. After the actions were consolidated, the court, Jeanne Stempien, J., granted summary disposition for the defendants, ruling that the fire alarm system and the new circuit panel box and transformer were improvements to real property and that action was barred by the six-year statute of repose that applies to claims for damages against contractors, MCL 600.5839(1); MSA 27A.5839(1), because the actions against the defendants in this case were brought more than six years after installation of the improvements. The court also ruled that the claim against Barnard and Johnson relating to its addition of circuits and the twelve-circuit panel was barred by the three-year period of limitation set by MCL 600.5805(8); MSA 27A.5805(8). The plaintiff appealed.

The Court of Appeals held:

1. The trial court correctly determined that the new circuit panel box and the transformer constituted an improvement to real property, i.e., a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

2. The trial court erred in ruling that the plaintiff's claims based on the additional work by Barnard and Johnson are barred by the three-year period of limitation of MCL 600.5805(8); MSA 27A.5805(8). Assuming, without deciding, that those claims were subject to the three-year period of limitation, the plaintiff's claims regarding the additional work accrued not on the date of the addi-

tional work, but on the day after the fire when the alleged negligence was discovered, and were timely made within three years of accrual.

3. The trial court correctly concluded that the fire alarm system constituted an improvement to real property. The system was installed to limit damage to the facility in the event of fire and the system added value to the facility because it protected the facility and its contents.

4. The trial court properly determined on the basis of the undisputed facts that Troy accepted the fire alarm system more than six years before bringing an action against Barnard and Johnson and that the action was barred by the statute of repose.

5. The trial court did not err in determining that the statute of repose bars the plaintiff's claims of breach of contract, breach of warranty, fraud, and misrepresentation. The statute of repose applies to all actions against a contractor based on an improvement to real property, including actions based on contract.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. PROPERTY — IMPROVEMENTS TO REAL PROPERTY.

An improvement to real property is a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

2. LIMITATION OF ACTIONS — TORTIOUS INJURY — ACCRUAL.

A plaintiff's cause of action for tortious injury accrues when all the elements of the cause of action, including the element of damage, have occurred and can be alleged in a proper complaint.

3. PROPERTY — IMPROVEMENTS TO REAL PROPERTY.

A fire alarm system installed to limit damage to a facility and its contents in the event of fire is an improvement to real property.

4. LIMITATION OF ACTIONS — CONTRACTORS — IMPROVEMENTS TO REAL PROPERTY — STATUTE OF REPOSE.

The statute of repose that applies to a claim of damages against a contractor for injury or damage arising out of the defective and unsafe condition of an improvement to real property is triggered by occupancy, use, or acceptance of the improvement (MCL 600.5839[1]; MSA 27A.5839[1]).

5. LIMITATION OF ACTIONS — CONTRACTORS — IMPROVEMENTS TO REAL PROPERTY — STATUTE OF REPOSE.

The statute of repose that applies to a claim of damages against a contractor for injury or damage arising out of the defective and unsafe condition of an improvement to real property applies to all claims, including claims of breach of contract, breach of warranty, fraud, and misrepresentation (MCL 600.5839[1]; MSA 27A.5839[1]).

*Morrison, Mahoney & Miller* (by *Charles R. Tuffley, Dennis L. Hearon,* and *Jeffrey R. Learned*), for Travelers Insurance Company.

*Haliw, Siciliano and Mychalowych* (by *Andrew J. Haliw, III, Joseph A. Siciliano,* and *Nanette L. Korpi*), for Guardian Alarm Co. of Michigan.

*David C. Anderson,* for Barnard and Johnson Electric, Inc.

Before: SAWYER, P.J., and KELLY and DOCTOROFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Wayne Circuit Court granting summary disposition of its claims pursuant to MCR 2.116(C)(7). We affirm in part, reverse in part, and remand for further proceedings.

Troy Corporate Services, doing business as Troy Design and Manufacturing Company, was in the business of engineering and manufacturing automobile parts. Before December 1988, Troy Design had a twelve-circuit panel box, which provided power to the equipment in its computer-aided design (CAD) room. In December 1988, pursuant to a contract with Troy Design, Barnard and Johnson Electric, Inc., removed the twelve-circuit panel box and installed a forty-two-circuit panel box and a transformer in the CAD room. In July 1990, Barnard and Johnson installed additional circuits in the forty-two-circuit panel box and installed a twelve-circuit panel box, which fed off the forty-two-circuit panel box. In December 1988,

Troy Design also entered into a contract with Guardian Alarm Co. of Michigan for the installation of a fire alarm system. Under a separate contract, Guardian agreed to provide Troy Design with maintenance, monitoring, and response service, including central station service. Guardian installed the fire alarm system in March 1989 and performed additional work on the system in June 1989.

A fire damaged Troy Design's facility on July 19, 1992. As Troy Design's property insurer, plaintiff paid Troy Design over $900,000 for property damage caused by the fire. Thereafter, on March 27, 1995, plaintiff filed a subrogation lawsuit against Guardian, alleging that Guardian failed to properly design and install the fire alarm system and, as a result, Troy Design suffered extreme water damage that would have been lessened had the alarm system allowed the fire to be discovered earlier. On July 14, 1995, plaintiff filed an action against Barnard and Johnson, alleging that the fire originated in the circuit panel box. The cases were consolidated in the trial court. Upon defendants' motions for summary disposition, the trial court dismissed plaintiff's claims pursuant to MCR 2.116(C)(7). The trial court determined that plaintiff's claims were barred by the six-year period of limitation set forth in the statute of repose, MCL 600.5839(1); MSA 27A.5839(1).

Plaintiff first claims that the trial court erred in dismissing its negligence and gross negligence claims pursuant to MCR 2.116(C)(7) after finding that the forty-two-circuit panel box and transformer constituted an improvement to real property and that, therefore, the statute of repose applied to plaintiff's claims. We disagree.

An order granting summary disposition is reviewed de novo on appeal. *Michigan Mut Ins Co v Dowell*, 204 Mich App 81, 86; 514 NW2d 185 (1994). A grant of summary disposition pursuant to MCR 2.116(C)(7) is proper where a claim is barred by the applicable statute of limitations. *Home Ins Co v Detroit Fire Extinguisher Co, Inc*, 212 Mich App 522, 527; 538 NW2d 424 (1995). A motion under MCR 2.116(C)(7) may be supported by affidavits, admissions, or other documentary evidence and, if submitted, such evidence must be considered by the court. *Home Ins, supra* at 527. When deciding a motion for summary disposition under MCR 2.116(C)(7), the court must take all well-pleaded allegations as true and construe them in favor of the nonmoving party. *Id.* If there are no facts in dispute, whether the claim is statutorily barred is a question of law for the court. *Pendzsu v Beazer East, Inc*, 219 Mich App 405, 408; 557 NW2d 127 (1996).

The statute of repose, MCL 600.5839(1); MSA 27A.5839(1), provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than six years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on

the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

An improvement is a "permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Pendzsu, supra* at 410. The test for an improvement is not whether the modification can be removed without damage to the land, but whether it adds to the value of the realty for the purposes for which it was intended to be used. *Id.* at 410-411. In addition, the nature of the improvement and the permanence of the improvement should also be considered. *Id.* at 411. Furthermore, if a component of an improvement is an integral part of the improvement to which it belongs, then the component constitutes an improvement to real property. *Id.*

Before 1988, Troy Design had a twelve-circuit panel box, which provided power to the equipment in its CAD room. Barnard & Johnson submitted evidence that Troy Design wanted to replace the twelve-circuit panel box because it was causing interference problems and could not supply sufficient power to the facility. The new panel box provided more power to the facility and eliminated the interference problems. Furthermore, the new circuit panel box and transformer were integral components of an electrical system that was essential to the operation of the facility. Under these circumstances, we conclude that the trial court correctly determined that the new

circuit panel box and transformer constituted an improvement to real property for the purposes of the statute of repose.

Plaintiff next argues that the trial court erred in granting summary disposition of its claims arising out of Barnard & Johnson's 1990 electrical work pursuant to MCR 2.116(C)(7) on the basis of the three-year statute of limitations set forth in MCL 600.5805(8); MSA 27A.5805(8). We agree.

We need not decide whether the trial court correctly concluded that the 1990 work did not constitute an improvement to real property. Even if the trial court is correct, and the claims arising out of the 1990 work were subject to the three-year statute of limitations set forth in MCL 600.5805(8); MSA 27A.5805(8), the claim still was not barred by that statute. For the purposes of MCL 600.5805(8); MSA 27A.5805(8), a claim accrues when the wrong upon which it was based was done, regardless of when damage results. MCL 600.5827; MSA 27A.5827; *Nelson v Ho*, 222 Mich App 74, 85; 564 NW2d 482 (1997). According to our Supreme Court's interpretation of MCL 600.5827; MSA 27A.5827, the time of the wrong that triggers the running of the limitation period is the date on which the plaintiff was harmed by the defendant's acts, not the date on which the defendant acted negligently. *Stephens v Dixon*, 449 Mich 531, 534-535; 536 NW2d 755 (1995); *McCann v Brody-Built Constr Co, Inc*, 197 Mich App 512, 515; 496 NW2d 349 (1992). Thus, a plaintiff's cause of action for a tortious injury accrues when all the elements of the cause of action, including the element of damage, have occurred and can be alleged in a proper complaint. *Stephens, supra* at 539. Where an element of a cause of action, such

as damage, has occurred, but cannot be pleaded in a proper complaint because it is not yet discoverable with reasonable diligence, Michigan courts have applied the discovery rule. *McCann, supra* at 515. See also *Malesev v Wayne Co Rd Comm'rs*, 51 Mich App 511, 512-513; 215 NW2d 598 (1974). Here, the alleged negligence was discovered on July 20, 1992, the day after the fire, when experts opined that the fire originated in the panel box. Therefore, plaintiff had until July 20, 1995, to file its claims based on the 1990 work.

Plaintiff next argues that the trial court erred in determining that the fire alarm system was an improvement to real property and that, therefore, the statute of repose applied to plaintiff's claims against Guardian. We disagree.

Other jurisdictions have held that fire protection sprinkler systems and a high-pressure water pipe designed for fire protection are improvements to real property for the purpose of a statute of repose. *Qualitex, Inc v Coventry Realty Corp*, 557 A2d 850, 852 (RI, 1989); *Kallas Millwork Corp v Square D Co*, 66 Wis 2d 382, 386; 225 NW2d 454 (1975). Like the installation of a sprinkler system, Troy Design's fire alarm system was installed to limit damage to the facility in the event of a fire. The alarm system adds value to the facility for whatever purpose the facility is used because it is intended to protect the facility itself, and its contents. We therefore conclude that the trial court correctly determined that the fire alarm system was an improvement to real property.

Plaintiff next argues that the trial court erred in granting summary disposition of its claims against Guardian pursuant to MCR 2.116(C)(7) because gen-

uine issues of material fact remained regarding when Troy Design accepted the completed alarm system. We disagree.

The statute of repose is triggered by the time of occupancy *or* use *or* acceptance of the improvement. MCL 600.5839(1); MSA 27A.5839(1); *Fennell v Nesbitt, Inc,* 154 Mich App 644, 649; 398 NW2d 481 (1986). Only one of the criteria set forth in the statute of repose must be met to trigger the running of the period of limitation. *Beauregard-Bezou v Pierce,* 194 Mich App 388, 393; 487 NW2d 792 (1992). Here, the six-year limitation period began to run when Troy Design used or accepted the alarm system. No evidence was presented with respect to when Troy Design began using the alarm system. However, Guardian submitted evidence that Michael Chekal, Troy Design's administration manager, signed the installation contract on March 15, 1989, indicating that the installation work had been completed to his satisfaction. Although Guardian performed additional work on the alarm system in June 1989, that work was incidental to the earlier installation of the completed system. We therefore conclude that the trial court properly determined on the basis of the undisputed facts that Troy Design accepted the alarm system on March 15, 1989.

Finally, plaintiff argues that the trial court erred in determining that the statute of repose applied to its claims of breach of contract, breach of warranty, fraud, and misrepresentation. We disagree.

The statute of repose applies to all actions against a contractor based on an improvement to real property, including actions based on contract. *Michigan Millers Ins Co v West Detroit Building Co, Inc,* 196

Mich App 367, 377-378; 494 NW2d 1 (1992). Therefore, the statute of repose applied to plaintiff's breach of contract, breach of warranty, fraud, and misrepresentation claims. Because plaintiff failed to file those claims within the six-year period of limitation set forth in the statute of repose, the trial court properly granted summary disposition of the claims pursuant to MCR 2.116(C)(7).

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction. No costs, neither party having prevailed in full.